## 74481. LITTLEJOHN v. THE STATE.
(363 SE2d 327)

CARLEY, Judge.

Appellant was tried before a jury and was found guilty of criminal trespass. In his notice of appeal as amended, appellant states that he is appealing from the guilty verdict that was returned by the jury and from the "sentencing" of the trial court.

We have conducted a careful review of the entire record in this case, including the supplemental record provided by the clerk of the trial court pursuant to our order. We have found neither a written judgment nor a written sentence entered by the trial court on the jury verdict. "The verdict of a jury, whether resulting from direction or from deliberation, is not an 'appealable judgment.' [Cit.]. . . . The *verdict* itself is not a *judgment* or a *ruling*, and hence does not fall within the provision of [OCGA § 5-6-34 (a)] that 'Appeals may be taken to the Supreme Court and [the] Court of Appeals from [. . .] *judgments* and *rulings* of the superior courts. . . .'" (Emphasis in original.) *Teppenpaw v. Blalock*, 121 Ga. App. 320, 321 (2) (173 SE2d 442) (1970), aff'd 226 Ga. 619 (176 SE2d 711) (1970). "'(A)ppeals from the lower courts may be taken only from final judgments except in certain enumerated instances. [Cits.] The language used (in OCGA § 5-6-34 (a) (1)) is that the judgment is final "where the [case] is no longer pending in the court below. . ." ' [Cit.] 'Further, before an appeal may be made, the judgment appealed from must be in writing, and not verbal. [Cits.]' [Cit.]" *Crolley v. State*, 182 Ga. App. 2, 3 (1) (354 SE2d 864) (1987).

A review of the transcript indicates that the trial court may have intended to grant appellant first offender status. "[I]t is clear that OCGA § 42-8-64 is intended to provide a defendant a direct appeal from his conviction upon the imposition of first-offender status (a 'sentence' if you will), notwithstanding the absence of a formal and final 'adjudication of guilt.' [Cits.]" *Dean v. State*, 177 Ga. App. 123, 124 (1) (338 SE2d 711) (1985). In this record, however, there is no written document which has been signed by the trial court and which purports to impose first offender status upon appellant. See Uniform State Court Rule 39.7. "'[B]efore an appeal may be made, the judgment appealed from *must be in writing, and not verbal.* [Cits.]' [Cit.] Therefore, the instant criminal proceedings against appellant [would] obviously [be] 'pending' in the trial court until such time as his [first offender] sentence [is] entered in writing and [becomes] 'final.'" (Emphasis supplied.) *Crolley v. State*, supra at 3 (1).

If appellant has consented to first offender treatment, the trial court should enter a written order wherein such status is imposed upon him. If appellant has not consented to first offender treatment, the trial court should enter a written judgment of conviction and sen-

tence as in any other criminal case. Until the trial court undertakes to accomplish one or the other, this case is still pending before it. It follows that this court lacks jurisdiction to entertain appellant's appeal at this time. Compare *Gillen v. Bostick*, 234 Ga. 308, 309 (1) (215 SE2d 676) (1975) and *LeGallienne v. State*, 180 Ga. App. 108, 110 (3) (348 SE2d 471) (1986), holding that prematurely filed notices of appeal are sufficient to confer appellate jurisdiction over those cases wherein final orders have *actually* been entered. After the entry of a final order in this case, appellant, if dissatisfied, may pursue whatever post-judgment remedies are available to him. In any event, the notice of appeal that appellant previously filed is not sufficient to confer jurisdiction upon this court and, if such jurisdiction is ever to be conferred, it must be by virtue of a notice of appeal timely filed by appellant *after* the entry of a final judgment in this case.

*Appeal dismissed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1987.

Charles Littlejohn, *pro se.*
*James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor,* for appellee.