## A92A1590. OKROSS v. THE STATE.
(423 SE2d 291)

JOHNSON, Judge.

Stephen Okross was convicted by a jury of driving under the influence and striking a fixed object. He appeals from his conviction and the denial of his motion for new trial.

We are troubled by the procedural posture of this case. An order denying Okross' motion for a new trial was entered by the trial court on March 5, 1992. That order was vacated, however, on March 12, 1992. Okross alleges in his appeal that the motion for a new trial "was denied on April 2, 1992 at an evidentiary hearing." Overlooking that a hearing on a motion for new trial in this case would not be an evidentiary hearing since there is no assertion of newly discovered evidence, no order reflecting the denial of the motion is included in the record on appeal.

"Even without a motion to dismiss the appeal, it is the duty of the reviewing court to entertain the threshold question of its jurisdiction where there may be any doubt." (Citations and punctuation omitted.) *Royal v. State*, 189 Ga. App. 756, 757 (1) (377 SE2d 526) (1989). In *Royal* as well as in *Eller v. State*, 183 Ga. App. 724 (360

SE2d 53) (1987) and *Shirley v. State*, 188 Ga. App. 357 (373 SE2d 257) (1988), the notice of appeal preceded the entry of the denial of a motion for new trial. In all those cases the notice of appeal became effective upon the entry of the final judgment.

This court endeavors to review criminal appeals on their merits. See *Eller*, supra. Despite numerous inquiries from the office of the clerk of this court, no final order denying the motion for new trial has been submitted to supplement the record prior to our consideration of the case. According to the records of the Clerk of the State Court of Gwinnett County, no such order has been filed. In the absence of a final order, we are constrained to hold that no final judgment has been entered in the case and jurisdiction remains vested in the trial court.

*Appeal dismissed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Fletcher W. Griffin III*, for appellant.

*Gerald N. Blaney, Jr.*, Solicitor, *David M. Fuller*, Assistant Solicitor, for appellee.