S02G0572. KELLER v. THE STATE.
(571 SE2d 806)

SEARS, Presiding Justice.

We granted certiorari in this case to consider whether the Court of Appeals erred in dismissing one of Keller's appeals that was before it.[1] We conclude that when a multi-count indictment is the subject of one trial and the factfinder returns a verdict of guilty on each count of the indictment, the case is not final and subject to appeal until a sentence has been entered on each count of the indictment. Because the Court of Appeals's dismissal of Keller's appeal is inconsistent with this rule, we reverse its judgment and remand the case to it for proceedings consistent with this opinion.

Under OCGA § 5-6-34 (a) (1), Keller had a right to a direct appeal from a "final judgment[ ], that is to say, where the case is no longer pending in the court below." In interpreting § 5-6-34 (a) (1), the Court of Appeals of Georgia has held that a criminal case is not final but is pending in the trial court until a *written* judgment of conviction *and sentence* is entered in the trial court.[2] Although *Littlejohn*

[5] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[1] *Keller v. State*, 252 Ga. App. 813 (558 SE2d 5) (2001) (Keller had two cases before the Court of Appeals; Case No. A01A0927 is the subject of the grant of certiorari).

[2] *Littlejohn v. State*, 185 Ga. App. 31 (363 SE2d 327) (1987); *Crolley v. State*, 182 Ga. App. 2, 3 (1) (354 SE2d 864) (1987). Similarly, this Court has held that "[a]n oral declaration

and *Crolley* involved cases in which there was a one-count indictment and thus one sentence to enter, the principle of those cases applies with equal force to cases such as Keller's in which multiple counts of an indictment are tried together. In this regard, other courts have held that in such multi-count trials, the case is not final and ripe for appeal until a sentence has been entered on each count of the indictment that was the subject of the trial.[3] Based on the rationale of *Littlejohn*, *Crolley*, and the cases from other jurisdictions, we conclude that when multiple counts of an indictment are tried together and the trial court does not enter a written sentence on one or more of the counts, the case is still pending in the trial court and is not a final judgment under OCGA § 5-6-34 (a) (1).

In the present case, the trial court did not enter a sentence on one count of the multi-count indictment following the jury's verdict. Keller's case thus was not ripe for appeal at that time even though the trial court did enter a written judgment of conviction and sentence on the other counts of the indictment. Because Keller subsequently filed a notice of appeal within 30 days of the trial court's entry of a written sentence on the last count of the jury's verdict, his appeal was timely and the Court of Appeals erred in dismissing it.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Thomas J. Thomas*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.

---

as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is." *Curry v. State*, 248 Ga. 183, 185 (281 SE2d 604) (1981).

[3] See *United States v. Dodson*, 291 F3d 268, 272-274 (4th Cir. 2002); *United States v. Luciano-Mosquera*, 63 F3d 1142, 1148, n. 2 (1st Cir. 1995); *Fernandez v. United States*, 941 F2d 1488, 1492 (11th Cir. 1991); *United States v. Patel*, 835 F2d 708, 709 (7th Cir. 1987); *United States v. Wilson*, 440 F2d 1103, 1104-1105 (5th Cir. 1971); *State v. Horne*, 768 S2d 228, 229 (La. App. 1st Cir. 2000); *State v. Reynolds*, 819 SW2d 322, 323, n. 1 (Mo. 1991). Compare *United States v. Powell*, 24 F3d 28, 30-31 (9th Cir. 1994) (when a count is severed from a multi-count indictment, and separate trials are held on the severed counts, each conviction on the severed counts is separately appealable when sentence is entered).