## S06A1579. CRANE v. THE STATE.
### (641 SE2d 795)

BENHAM, Justice.

After Steven Bradley Crane was indicted for offenses arising from his conduct in fatally shooting Patrick DeCesaro, he filed a motion to dismiss the indictment on the ground he was immune from prosecution under OCGA § 16-3-24.2.[1] The trial court denied the motion and denied Crane's request for a certificate of immediate review. This is a direct appeal from the denial of the motion.

" '(I)t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. (Cits.)' [Cit.]" *Rowland v. State,* 264 Ga. 872 (1) (452 SE2d 756) (1995). The order Crane seeks to appeal is not a final

---

[1] OCGA § 16-3-24.2 reads in pertinent part as follows:

A person who uses threats or force in accordance with Code Section 16-3-21 ["Use of force in defense of self or others . . ."], 16-3-23 ["Use of force in defense of habitation."], 16-3-23.1 ["No duty to retreat prior to use of force in self-defense."], or 16-3-24 ["Use of force in defense of property other than a habitation."] shall be immune from criminal prosecution. . . .

judgment in that the criminal case in which the motion to dismiss was filed is still pending below. OCGA § 5-6-34 (a) (1); *Stewart v. State*, 240 Ga. App. 154 (522 SE2d 743) (1999) (denial of motion to dismiss indictment not final judgment, directly appealable under OCGA § 5-6-34 (a) (1), but only interlocutory order). Accordingly, unless the order is subject to direct appeal for some other reason, this appeal must be dismissed for failure to follow the interlocutory appeal provisions of OCGA § 5-6-34 (b). Id.

Crane presents two arguments in favor of direct appealability: analogy to speedy trial and double jeopardy cases, and the collateral order exception. In support of the first argument, Crane cites *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002) (denial of constitutional speedy trial claim directly appealable), *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985) (denial of statutory speedy trial claim directly appealable), and *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) (denial of constitutional double jeopardy plea directly appealable). The holdings in those cases derive from the rationale expressed by the U. S. Supreme Court in *Abney v. United States*, 431 U. S. 651, 659 (97 SC 2034, 52 LE2d 651) (1977), authorizing direct appeals from the denial of pleas of double jeopardy. The reasoning behind that decision was that since

> such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim . . . [and] the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged,

(id.) orders denying double jeopardy claims come within the collateral-order exception announced in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U. S. 541 (69 SC 1221, 93 LE 1528) (1949).

It thus appears that both arguments asserted by Crane are, in essence, the same, that the denial of a motion to dismiss pursuant to OCGA § 16-3-24.2 is directly appealable under the collateral-order exception to the requirement of finality. This Court stated the three requirements for application of the collateral order in *Waldrip v. Head*, 272 Ga. 572, 574 (1) (532 SE2d 380) (2000): "when the issue is substantially separate from the basic issues in the complaint, an important right may be lost if review must wait until a case is finally resolved, and nothing further in the underlying action can affect the

issue on appeal." The direct appeal in *Waldrip* was dismissed[2] for failure to meet the first of those requirements: "The issue of whether Waldrip waived his attorney-client privilege is not a separate issue from his claim in his habeas petition that his trial and appellate counsel were ineffective; instead, the privilege and claim are directly related." Id. The present appeal suffers from the same fatal flaw.

In his motion to dismiss, Crane does not contest the State's assertion that he shot DeCesaro to death, but asserts the killing was justified. Since justification is an affirmative defense to a criminal charge (*Broussard v. State*, 276 Ga. 216 (2) (576 SE2d 883) (2003)), Crane would be entitled to a verdict of acquittal if he established the defense of justification and the State failed to disprove the defense beyond a reasonable doubt. *State v. Royal*, 247 Ga. 309 (1) (275 SE2d 646) (1981). Thus, the ultimate issue in Crane's motion to dismiss pursuant to OCGA § 16-3-24.2 is the same as the ultimate issue at trial, whether he was justified in killing DeCesaro or is guilty of the offense charged. That being so, the first requirement for application of the collateral-order exception, that the issue be substantially separate from the basic issue in the case, is not met in this case. Accordingly, this direct appeal from an interlocutory order must be dismissed. *Waldrip v. Head*, supra; *Stewart v. State*, supra.

*Appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Stephen T. Maples, Donald C. Beskin, Manning & Leipold, Calvin A. Leipold, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

