A06A1663. BASS v. THE STATE.
(643 SE2d 851)

PHIPPS, Judge.

It is this court's duty to raise and resolve questions of its jurisdiction.[1] Having determined that this court lacks jurisdiction over this case, we remand it with direction to the trial court.

---

Ronald Bass was found guilty of all charges in a 24-count indictment. At the sentencing hearing, the court orally announced that it found that Counts 5, 7, 9, 16, 18, 20, and 22 merged with Counts 4, 6, 10, 15, 17, 19, and 21, respectively. The record shows that in May 1999 the trial court entered written sentences on Counts 1, 2, 3, 4, 6, 8, 10, 11, 12, 13, 15, 17, 19, 21, and 23, but made no notation on any such written sentence that Counts 5, 7, 9, 16, 18, 20, and 22 merged with any other count for purposes of sentencing. Moreover, with respect to Counts 14 and 24, the trial court entered no written sentence and made neither oral nor written notation of any merger.[2]

In *Keller v. State*,[3] the Supreme Court of Georgia set forth the bright line rule: "[W]hen multiple counts of an indictment are tried together and the trial court does not enter a written sentence on one or more of the counts, the case is still pending in the trial court and is not a final judgment under OCGA § 5-6-34 (a) (1)."[4] With respect to each count of which Bass was found guilty, the trial court did not either (a) enter a written sentence, or (b) enter a written notation that the count merged into another for purposes of sentencing. "[Bass's] case thus was not ripe for appeal at that time even though the trial court did enter a written judgment of conviction and sentence on . . . other counts of the indictment."[5]

"Under OCGA § 5-6-34 (a) (1), [Bass] ha[s] a right to a direct appeal from a final judgment, that is to say, where the case is no longer pending in the court below."[6] But, because of the facts outlined above, this case is still pending in the court below. Therefore, this case is removed from this court's docket and remanded. With respect to each of the 24 counts of which Bass was found guilty, the trial court is hereby directed to either (a) enter a written sentence, or (b) enter a written notation that the count merged into another for purposes of sentencing — thereby, in writing, disposing of all 24 counts of which Bass was found guilty. After such entry, the case may be transmitted to this court for re-docketing because the notice of appeal, prematurely filed, then will have ripened.[7]

*Case remanded with direction. Smith, P. J., and Ruffin, J., concur.*

---

[2] Bass's brief sets forth his understanding of the sentences and mergers, but omits any specific reference to either a sentence or merger for Counts 14 and 24. The state's brief merely summarizes, "Sentences were imposed."

[3] 275 Ga. 680 (571 SE2d 806) (2002).

[4] Id. at 681.

[5] Id.

[6] Id. at 680 (punctuation omitted).

[7] See *Heard v. State*, 274 Ga. 196, 197 (1), n. 2 (552 SE2d 818) (2001); *McCulley v. State*, 273 Ga. 40, 43, n. 3 (537 SE2d 340) (2000).

DECIDED MARCH 20, 2007.

*Brian Steel,* for appellant.
*Charles M. Ferguson, District Attorney,* for appellee.