# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2014

*The Court of Appeals hereby passes the following order:*

**A14A2067.  EDWARD B. JOINER v. THE STATE.**

Edward B. Joiner, who has been charged with multiple counts of forgery and making false statements, filed a "Demurrer, Plea in Bar, and Motion to Dismiss." In this motion, Joiner argued that the indictment was barred by the statute of limitation. The trial court denied Joiner's motion, and he filed this appeal.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1).  The Supreme Court has created limited exceptions to this rule, including where a criminal defendant seeks review of a trial court order denying his plea in bar based on statutory speedy trial or double jeopardy claims.  See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985) (statutory speedy trial); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982) (double jeopardy).  However, the Supreme Court has declined to extend these limited exceptions.  See *Crane v. State*, 281 Ga. 635, 636 (641 SE2d 795) (2007) (defendant may not directly appeal the denial of a motion to dismiss under OCGA § 16-3-24.2).  Here, Joiner's motion was not based on either a statutory speedy trial claim or a double jeopardy claim.  Accordingly, he was required to comply with the interlocutory appeal procedures to obtain appellate review at this time.  See OCGA § 5-6-34 (b).  Because Joiner failed to comply with the requisite interlocutory procedures, this premature appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 08/07/2014
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*