**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 24, 2014**

# In the Court of Appeals of Georgia

A14A0766. PERRY v. THE STATE.

MILLER, Judge.

A jury found Randarius Perry guilty of four counts of violating the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-15-1 et seq.) (Counts 57 through 60), armed robbery (OCGA § 16-8-41 (a)) (Count 61), aggravated assault (OCGA § 16-5-21 (a) (1) (2010)) (Count 62), and two counts of possession of a firearm during the commission of a felony (OCGA § 16-11-106 (b) (1)) (Counts 63 and 64). Perry appeals from his convictions, however, the case is not final and ripe for appeal.

At sentencing, the trial court orally announced that Count 58 would merge into Count 57, Count 60 would merge into Count 59, Count 62 merged into Count 61, and count 64 merged into Count 63. The record, however, shows that the court only

entered written sentences on Counts 57, 59, 61, and 63. The trial court did not enter written sentences on Counts 58, 60, 62, or 64, nor did the trial court enter a notation showing that these counts merged into other counts for purposes of sentencing.

When "a multi-count indictment is the subject of one trial and the fact-finder returns a verdict of guilty on each count of the indictment, the case is not final and subject to appeal until a sentence has been entered on each count of the indictment." *Keller v. State*, 275 Ga. 680 (571 SE2d 806) (2002). Since the trial court did not enter a written sentence on each count, Perry's case is still pending in the trial court and is not ripe for appeal. Id. Therefore, this case is remanded with direction for the trial court to enter a written sentence disposing of all counts of which Perry was found guilty. "After such entry, the case may be transmitted to this [C]ourt for re-docketing because the notice of appeal, prematurely filed, then will have ripened." (Footnote omitted.) *Bass v. State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007).

*Case remanded with direction. Doyle, P. J., and Dillard, J., concur.*

2