# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1451.  JUMAR GREER v. THE STATE.**

Jumar Greer seeks to appeal from his judgment of conviction.  But for reasons explained below, this case is not final and ripe for appeal, and it is hereby REMANDED WITH DIRECTION.

Greer was indicted for multiple felonies.  At a trial thereon, a jury found him guilty on six counts.  Thereafter, the trial court entered a judgment of conviction, which provided a written sentence upon four of the counts.  The trial court did not enter written sentences on the remaining two counts, nor did the court enter a notation showing that those counts either merged into other counts for purposes of sentencing or were vacated by operation of law.

In *Keller v. State*, 275 Ga. 680 (571 SE2d 806) (2002), the Georgia Supreme Court held:  "[W]hen multiple counts of an indictment are tried together and the trial court does not enter a written sentence on one or more of the counts, the case is still pending in the trial court and is not a final judgment under OCGA § 5-6-34 (a) (1)." *Keller*, 275 Ga. at 681.  More recently, in *State v. Riggs*, 301 Ga. 63 (799 SE2d 770) (2017), the Supreme Court elaborated, "Entering a written sentence on each count for purposes of the final judgment rule requires the trial court to enter either (a) a *written* sentence on the count or (b) a *written* notation that the count merged into another count for purposes of sentencing or was vacated by operation of law."  (Emphasis supplied.)  Id. at 65 (1), n. 4.

Here, with respect to each count of which Greer was found guilty, the trial court did not enter either a written sentence or a written notation that the count either merged or was vacated.

Since the trial court did not [do so], [Greer's] case is still pending in the trial court and is not ripe for appeal. Therefore, this case is remanded with direction for the trial court to enter a written sentence [or written notation] disposing of all counts of which [Greer] was found guilty. After such entry, the case may be transmitted to this Court for re-docketing because the notice of appeal, prematurely filed, then will have ripened.

(Citations and punctuation omitted.) *Perry v. State*, 329 Ga. App. 121, 121 (764 SE2d 178) (2014) (remanding the case as "not final and ripe for appeal," where despite trial court's oral announcements at the sentencing hearing that certain counts would merge into others, the court did not enter for each count either a written sentence or written notation of merger); see *Riggs*, 301 Ga. at 65 (1), n. 4; *Keller*, 275 Ga. at 681 (explaining that where the trial court did not enter a sentence on a count of the multi-count indictment following the jury's verdict, case "was not ripe for appeal at that time even though the trial court did enter a written judgment of conviction and sentence on the other counts of the indictment"); *Bass v. State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007) (remanding the case as "not ripe for appeal," where, with respect to each count of which appellant was found guilty, the trial court had not either entered a written sentence or made written notation that the count merged), cited with approval in *Riggs*, 301 Ga. at 65 (1), n. 4.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/20/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*