# Court of Appeals
# of the State of Georgia

ATLANTA,  November 01, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0505.  TIMOTHY JOHN WILSON, JR. v. THE STATE.**

In 2015, a jury found Timothy Wilson, Jr., guilty of two counts of incest and one count each of statutory rape and child molestation, and the trial court imposed a total sentence of 90 years in prison.  Wilson filed a timely motion for a new trial in which, among other things, he argued that the trial court erred by failing to impose split sentences under OCGA § 17-10-6.2 (b).  On August 2, 2018, the trial court entered an order adjudicating the motion for a new trial.  Wilson then filed this direct appeal.  We lack jurisdiction.

Although the trial court indicated that it was denying Wilson's motion for a new trial in the August 2 order, the court also – in the same document – ordered a new sentencing hearing to address Wilson's claims that one or more of his sentences do not satisfy the § 17-10-6.2 (b) split-sentence requirements.  In so doing, the trial court essentially reserved ruling on Wilson's claims under § 17-10-6.2 (b).  As a result, the August 2 order is a non-final order that did not resolve all issues in this case.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below."  Following one or more guilty verdicts in a criminal case, the "case is not final and subject to appeal until a sentence has been entered on each count of [of conviction]."  *Keller v. State*, 275 Ga. 680, 680 (571 SE2d 806) (2002).  Where a timely motion for a new trial is filed, an appeal will lie from the order "finally disposing of the motion."  OCGA § 5-6-38 (a); *Livingston v. State*, 221 Ga. App. 563, 563 (1) (472 SE2d 317)

(1996). Because the trial court has not yet resolved Wilson's sentencing challenges, we lack jurisdiction over this premature appeal, which is hereby DISMISSED.

Upon entry of a trial court order disposing of all of Wilson's remaining claims, the superior court clerk is DIRECTED to re-transmit the case to this Court for re-docketing. Wilson need not file a second notice of appeal, as his prematurely filed notice of appeal will ripen upon entry of a trial court order adjudicating his remaining claims. See *Perry v. State*, 329 Ga. App. 121, 121 (764 SE2d 178) (2014); *Livingston*, 221 Ga. App. at 564-568 (1).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__11/01/2018_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*