# Court of Appeals
# of the State of Georgia

ATLANTA,  November 05, 2018

*The Court of Appeals hereby passes the following order:*

## A19A0430.  TAMMY TERRELL SMITH v. THE STATE.

On July 16, 2018, Tammy Terrell Smith pled guilty to possession of drug related objects, with the stipulation that she could appeal the denial of her motion to suppress.  The trial court verbally sentenced Smith to 12 months probation and 100 hours community service.  On July 17, 2018, before the trial court reduced its ruling to a written sentencing order, Smith filed a notice appeal from her conviction, and the case was transmitted to this Court.  The State has filed a motion to dismiss the appeal, arguing that this Court does not have jurisdiction without a written judgment from the trial court.  We agree.

A criminal case remains pending until the court enters a written judgment of conviction and sentence.  *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002); see also *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) ("An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is").  Until such judgment is entered, any notice of appeal is premature.  A criminal defendant may enter a premature notice of appeal, and that notice of appeal ripens upon entry of the trial court's final order.  See *Livingston v. State*, 221 Ga. App. 563, 564-568 (1) (472 SE2d 317) (1996); *Okross v. State*, 205 Ga. App. 694, 695 (423 SE2d 291) (1992).  However, if the trial court never enters a final judgment in the case, we lack jurisdiction over the appeal.  See *Okross*, 205 Ga. App. at 695 ("In the absence of a final order, we are constrained to hold that no final judgment has been entered in the case and jurisdiction remains vested in the trial court.").

Here, the appellate record does not contain a copy of the trial court's

written judgment. "After such entry, the case may be transmitted to this [C]ourt for re-docketing because the notice of appeal, prematurely filed, then will have ripened." *Bass v. State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007).

Accordingly, the State's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/05/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*