# Court of Appeals
# of the State of Georgia

ATLANTA,  December 07, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0627.  DARREN D. RIGGS v. THE STATE.**

In 2010, Darren Riggs entered non-negotiated guilty pleas to multiple charges, including several sexual offenses, and the trial court imposed a total sentence of 30 years in prison, to be followed by 20 years on probation. See *State v. Riggs*, 301 Ga. 63, 63 (799 SE2d 770) (2017). On appeal from the denial of his motion to modify his sentences, we concluded that the sentences imposed for sexual offenses in Counts 4, 7-11, and 15 were void for failure to comply with the OCGA § 17-10-6.2 (b) split-sentence requirement. *Riggs v. State*, No. A15A2238, at 12 (Mar. 4, 2016). Consequently, we vacated those sentences, as well as the sentences imposed for two additional sexual offenses in Counts 5 and 17, and remanded the case for resentencing. Id.

After the Supreme Court affirmed, *Riggs*, 301 Ga. 63, the trial court granted Riggs's motion to withdraw his guilty pleas in Counts 4, 7-11, and 15. Following a new sentencing hearing, the trial court entered an "Amended Final Disposition" that imposed new sentences on Counts 5 and 17, but also indicates that Counts 4, 7-11, and 15 remain "[p]ending." Riggs, who represented himself during the resentencing hearing, then filed this pro se direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Because this action remains pending before the trial court, Riggs was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the "Amended Final Disposition." See OCGA § 5-6-34 (b); accord *Littlejohn v. State*, 185 Ga. App. 31, 32 (363 SE2d 327) (1987)

(this Court lacks jurisdiction to entertain an appeal over a criminal case that is still pending before the trial court); cf. *Keller v. State*, 275 Ga. 680, 681 (571 SE2d 806) (2002) (a criminal case is not final until a sentence has been entered on each conviction). Riggs's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this premature direct appeal, which is hereby DISMISSED. See *Crane v. State*, 281 Ga. 635, 635-637 (641 SE2d 795) (2007); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989); accord *Littlejohn*, 185 Ga. App. at 32.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __12/07/2018__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.