# Court of Appeals
# of the State of Georgia

ATLANTA,  January 25, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1183.  GARY DIGGS v. THE STATE.**

Gary Diggs, proceeding pro se, has been charged with rape, false imprisonment, aggravated battery, battery, and a state sexual offender registry violation. He filed several pretrial motions, including a motion to set bond, a motion to disqualify the trial judge, and a statutory demand for a speedy trial. On July 3, 2018, the trial court denied Diggs's motion to disqualify the trial judge. Two days later, the trial court entered an order denying his request for bond. Diggs then filed the instant direct appeal. We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). The Supreme Court has created limited exceptions to this rule, including where a criminal defendant seeks review of a trial court order denying his statutory demand for a speedy trial. See *Johnson v. State*, 300 Ga. 252, 257 (3) (794 SE2d 60) (2016) (although the denial of a speedy trial claim based on a constitutional violation is subject to the interlocutory appeal procedures, the denial of a speedy trial motion based on statutory grounds is immediately appealable). In this case, however, no written order appears in the record that addresses Diggs's speedy trial motion based on statutory grounds.[1]

Because this action remains pending before the trial court, Diggs was required to use the interlocutory appeal procedures – including obtaining a certificate of

---

[1] Based on the record, it appears that the trial court has yet to address several of Diggs's pretrial motions.

immediate review from the trial court – to appeal the order denying his motion to set bond, as well as the order denying his motion to disqualify the trial judge. See OCGA § 5-6-34 (b); *Crane v. State*, 281 Ga. 635, 635-637 (641 SE2d 795) (2007); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Diggs's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Crane*, 281 Ga. at 635-637; *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   01/25/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*