# Court of Appeals
# of the State of Georgia

ATLANTA,  August 13, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0048. MARK GREEN v. THE STATE.**

A jury found Mark Green guilty of aggravated child molestation (Count 1) and child molestation (Count 2), and the superior court imposed a sentence of life in prison on Count 1 and a concurrent 20-year prison term on Count 2. Green filed a motion for a new trial, in which he raised several challenges to his convictions and sentences. The superior court denied relief on all grounds but one – Green's challenge to his sentence for Count 2. As to that claim, the superior court agreed that Green must be re-sentenced on Count 2 and ruled that, because Green "will be re-sentenced," his sentencing challenge is "moot." Green has filed this timely appeal from the superior court order that disposed of his motion for a new trial. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Absent a new sentencing order, Green's sentencing challenge is not moot, and this case remains pending before the superior court. Consequently, Green was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the superior court – to appeal the order disposing of his motion for a new trial. See OCGA § 5-6-34 (b); accord *Littlejohn v. State*, 185 Ga. App. 31, 32 (363 SE2d 327) (1987) (this Court lacks jurisdiction to entertain an appeal over a criminal case that is still pending before the trial court); cf. *Keller v. State*, 275 Ga. 680, 681 (571 SE2d 806) (2002) (a criminal case is not final until a sentence has been entered on each conviction). Green's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this premature direct

appeal, which is hereby DISMISSED. See *Crane v. State*, 281 Ga. 635, 635-637 (641 SE2d 795) (2007); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989); accord *Littlejohn*, 185 Ga. App. at 32.

Upon entry of a new sentencing order, the superior court clerk is DIRECTED to re-transmit the case to this Court for re-docketing. Green need not file a second notice of appeal, as his prematurely filed notice of appeal will ripen upon entry of a new written sentence. See *Perry v. State*, 329 Ga. App. 121, 121 (764 SE2d 178) (2014); *Livingston v. State*, 221 Ga. App. 563, 564-568 (1) (472 SE2d 317) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 08/13/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


             *, Clerk.*