# Court of Appeals
# of the State of Georgia

ATLANTA,  February 03, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0016. HOPPER v. THE STATE.**

In *Hopper v. State*, 355 Ga. App. 269 (843 SE2d 919) (2020) ("*Hopper I*"), this Court reversed a judgment by the Superior Court of Fulton County denying Appellant Earl Hopper's motion for out-of-time appeal. The remittitur issued June 30, 2020. Before the issuance of the remittitur, however, Hopper filed a notice of appeal in the trial court on June 15, 2020 in apparent response to this Court's opinion in *Hopper I*.

This Court docketed Hopper's present appeal on July 22, 2020. But because Hopper filed a notice of appeal before the trial court docketed our remittitur in *Hopper I* and entered an order thereon, the record in the present appeal does not contain an order upon which we can base jurisdiction. "[W]here the appellate court has issued [a] remittitur and it has been received and filed in the clerk's office of the court below, the trial court then has jurisdiction to take further action in the case." (Citations and punctuation omitted.) *Chambers v. State*, 262 Ga. 200, 201-202 (2) (415 SE2d 643) (1992). Relevant to this case, "the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial."[1] *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).

---

[1] For this reason, we are unable to rely upon OCGA § 5-6-10 to overlook the absence of an order by the trial court in this case. See id. ("The decision and direction [of the appellate court] shall be respected and carried into full effect in good faith by the court below."); cf. *Temples v. Hillegass*, 344 Ga. App. 454, 454-455 (810 SE2d 625) (2018) (concluding that trial court's order, entered before receipt of remittitur, was null and void).

But "[i]n the absence of a final order, we are constrained to hold that no final judgment has been entered in the case and jurisdiction remains vested in the trial court." *Okross v. State*, 205 Ga. App. 694, 695 (423 SE2d 291) (1992).

Accordingly, we are without jurisdiction to adjudicate Hopper's present appeal, and it is hereby ordered that this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  02/03/2021*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*