# Court of Appeals
# of the State of Georgia

ATLANTA,  March 09, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1042. LARRY DEAN DAY v. THE STATE.**

In 2015, a jury found Larry Day guilty of rape, incest, and numerous related offenses, and the superior court imposed a total sentence of life in prison. Day filed a motion for a new trial, in which he raised several challenges to his convictions and sentences. The superior court denied relief on all grounds but one – Day's challenge to the court's failure to impose split sentences on several of his convictions. As to that claim, the superior court agreed that Day must be resentenced on several of his counts of conviction and stated that it "will resentence the Defendant as to these counts." The superior court later granted Day's motion for an out-of-time appeal, and he filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." The current record on appeal contains no indication that the superior court has resentenced Day in accordance with the court's order on his motion for a new trial. Absent a new sentencing order, this case remains pending before the superior court. Consequently, Day was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the superior court – to appeal following the grant of his request for an out-of-time appeal. See OCGA § 5-6-34 (b); accord *Littlejohn v. State*, 185 Ga. App. 31, 32 (363 SE2d 327) (1987) (this Court lacks jurisdiction to entertain an appeal over a criminal case that is still pending before the trial court); cf. *Keller v. State*, 275 Ga. 680, 681 (571 SE2d 806) (2002) (a criminal case is not final until a sentence has been entered on each conviction). Day's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over

this premature direct appeal, which is hereby DISMISSED. See *Crane v. State*, 281 Ga. 635, 635-637 (641 SE2d 795) (2007); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989); accord *Littlejohn*, 185 Ga. App. at 32.

Upon entry of a new sentencing order, the superior court clerk is DIRECTED to re-transmit the case to this Court for re-docketing. Day need not file a second notice of appeal, as his prematurely filed notice of appeal will ripen upon entry of a new written sentence. See *Perry v. State*, 329 Ga. App. 121, 121 (764 SE2d 178) (2014); *Livingston v. State*, 221 Ga. App. 563, 564-568 (1) (472 SE2d 317) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/09/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*