# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1672.  CHRISTOPHER BERNARD DIXON v. THE STATE.**

A jury found Christopher Bernard Dixon guilty of all three indicted counts: (1) aggravated assault; (2) aggravated stalking; and (3) aggravated battery – family violence.  The trial court thereafter sentenced Dixon on the first and second counts, but failed to enter any disposition as to Count 3. Dixon then filed a notice of appeal to this Court.  We lack jurisdiction because the appeal is premature.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." The Georgia Supreme Court has explained that "when multiple counts of an indictment are tried together and the trial court does not enter a written sentence on one or more of the counts, the case is still pending in the trial court and is not a final judgment under OCGA § 5-6-34 (a) (1)." *Keller v. State*, 275 Ga. 680, 681 (571 SE2d 806) (2002).  See further *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) ("An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is.").[1]  Because the trial court failed to enter a written

---

[1] While remarks by the trial judge at the sentencing hearing reflect that the judge may have intended for Count 3 to merge with another count, mere oral declarations by the trial judge to that effect do not render the case final for purposes of OCGA § 5-6-34 (a) (1).

"Entering a written sentence on each count for purposes of the final judgment rule requires the trial court to enter either (a) a *written sentence* on the count or (b) a *written notation* that the count merged into another count for purposes of sentencing or was vacated by operation of law." (Emphasis supplied.) *State v. Riggs*, 301 Ga. 63, 65 (1), n. 4 (799 SE2d 770) (2017).  See, e.g., *Bass v. State*, 284 Ga. App. 331, 332

sentence on Count 3 (or otherwise account for the guilty verdict thereon),[2] the case remains pending below and we lack jurisdiction over this premature appeal, which is hereby DISMISSED.

Upon entry of a sentencing order (accounting for each guilty verdict), the superior court clerk is DIRECTED to re-transmit the case to this Court for re-docketing. Dixon need not file a second notice of appeal, as his prematurely filed notice of appeal will have then ripened. See *Perry v. State*, 329 Ga. App. 121, 121 (764 SE2d 178) (2014); *Bass v. State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007); see also *McCulley v. State*, 273 Ga. 40, 43 (4), n. 3 (537 SE2d 340) (2000); *Livingston v. State*, 221 Ga. App. 563, 564-568 (1) (472 SE2d 317) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/06/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*

---

(643 SE2d 851) (2007) ("With respect to each count of which [the defendant] was found guilty, the trial court did not either (a) enter a written sentence, or (b) enter a written notation that the count merged into another for purposes of sentencing. [The defendant's] case thus was not ripe for appeal at that time even though the trial court did enter a written judgment of conviction and sentence on other counts of the indictment.") (citation and punctuation omitted).

[2] See generally n. 1, supra.