# Court of Appeals
# of the State of Georgia

ATLANTA, March 11, 2024

*The Court of Appeals hereby passes the following order:*

A23A1674.  LATASHA MORRIS v. THE STATE.

A jury found Latasha Morris guilty of: (Count 1) driving under the influence of alcohol to the extent it was less safe for her to drive ("DUI"), OCGA § 40-6-391 (a) (1); (Count 2) failing to comply with a stop sign, OCGA § 40-6-72 (b); and (Count 3) violating the open container law, OCGA § 40-6-253 (b) (1) (B).  In the written judgment of conviction, the trial court set forth written sentences for the guilty verdicts rendered on the DUI and stop sign counts, but it is not apparent that the trial court provided for any disposition of the open container count (Count 3).[1]  Morris has filed a notice of appeal to this Court, but we lack jurisdiction because the appeal is premature.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final

---

[1] See OCGA § 40-6-253 (b) (c) (criminalizing the act of operating a vehicle while in possession of an open container of alcohol, and prescribing that "[a]ny person who violates this Code section is subject to a fine not to exceed $200.00"); *Chastain v. State*, 231 Ga. App. 225, 228 (4) (498 SE2d 792) (1998) (explaining that, given the express punishment prescribed by OCGA § 40-6-253, the trial court erred by sentencing the defendant found guilty thereunder to a probated sentence of imprisonment).
Here, although the written judgment of conviction sets out that "fines in the amount of 1) $600 and . . . surcharges," all totaling $1,350, are "to be paid to . . . Probation," such total appears to be imposed only for the DUI count.

1

judgments, that is to say, where the case is no longer pending in the court below." See *Bass v. State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007) (although the trial court announced at the sentencing hearing that certain counts would be merged with others, "the trial court did not either (a) enter a written sentence, or (b) enter a written notation that the count merged into another" as to each guilty verdict; the "case thus was not ripe for appeal at that time even though the trial court did enter a written judgment of conviction and sentence on other counts"). See generally *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) ("An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is[.]"); accord *Seals v. State*, 311 Ga. at 739 ("[D]ead-docketing a count leaves that count undecided and, thus, leaves the *entire case pending* in the court below. Such a case cannot be appealed as a final judgment under OCGA § 5-6-34 (a) (1).") (punctuation omitted; emphasis supplied).

Because the trial court did not provide a disposition for Count 3, the case remains pending below; consequently, we lack jurisdiction over this premature appeal, which is hereby DISMISSED. See *Massey v. State*, 350 Ga. App. 427, 427 (1) (827 SE2d 921) (2019) ("In the absence of a final order, we are constrained to hold that no final judgment has been entered in the case and jurisdiction remains vested in the trial court.")

Upon entry of a trial court order providing written disposition of Count 3, the trial court's clerk is hereby DIRECTED to re-transmit the case to this Court for re-docketing. Morris need not file a second notice of appeal. See *McCulley v. State*, 273 Ga. 40, 43 (4), n.3 (537 SE2d 340) (2000); *Perry v. State*, 329 Ga. App. 121, 121 (764 SE2d 178) (2014); *Bass*, 284 Ga. App. at 332 (directing the trial court to enter a written sentence or a written notation of merger for each of the 24 counts of which the defendant was found guilty – "thereby, *in writing*, disposing of all 24 counts of which

2

[the defendant] was found guilty"; providing that "[a]fter such entry, the case may be transmitted to this [C]ourt for re-docketing because the notice of appeal, prematurely filed, then will have ripened") (emphasis supplied).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/11/2024                    *

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

3