# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1834. LORA ALLMON v. THE STATE.

In 2014, a jury found Lora Allmon guilty of multiple counts of aggravated sexual battery and child molestation. On March 6, 2014, the trial court sentenced Allmon to life in prison, but it does not appear that the sentence was entered by the clerk. On April 17, 2014, Allmon filed a motion for an out-of-time new trial, which the trial court granted.[1] For reasons that are not clear from the record, the trial court did not rule on this motion until April 26, 2024, when it denied the motion.[2] This appeal followed. We, however, lack jurisdiction.

---

[1] Although an out-of-time motion for new trial was a viable remedy in 2013, the Supreme Court's ruling in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022) eliminated the procedure for obtaining out-of-time review. See *Johnson v. State*, 315 Ga. 876, 892 (5) (885 SE2d 725) (2023).

[2] The delay in this case is troublesome. As both this Court and the Supreme Court have repeatedly noted, such "post-conviction, pre-appeal delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. These extended and unjustified delays in resolving criminal cases make our State's criminal justice system appear unfair and grossly inefficient." *Williams v. State*, 359 Ga. App. 408, 410 (858 SE2d 80) (2021) (citation and punctuation omitted). We take this opportunity to remind both bench and bar that "it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." Id. (citation and punctuation omitted).

A criminal case remains pending until the court enters a written judgment of conviction and sentence. See *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002); see also *Southall v. State*, 300 Ga. 462, 463 (1) (796 SE2d 261) (2017). Until sentence is entered, a motion for new trial is premature. See *Southall*, supra. Furthermore, until final judgment is entered, jurisdiction remains vested in the trial court, and we lack jurisdiction to consider an appeal. See *Okross v. State*, 205 Ga. App. 694, 695 (423 SE2d 291) (1992).

Here, because the sentencing order contains no filing stamp, there is no evidence that the order has been entered within the meaning of the Appellate Practice Act. See OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article."). We thus lack jurisdiction to consider this appeal, which is hereby DISMISSED. See *Okross*, 205 Ga. App. at 695.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 08/05/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*