# Court of Appeals
# of the State of Georgia

ATLANTA,   August 09, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0027. DERRICK CHRISTOPHER HUGHEY v. THE STATE.**

Following a jury trial, Derrick Christopher Hughey was convicted of rape, aggravated child molestation, two counts of child molestation, and sexual battery against a child under 16. Hughey filed a motion for new trial, which the trial court granted in part and denied in part. Specifically, the trial court vacated the conviction on the sexual battery count because the indictment did not allege the essential element of lack of consent. The court also stated in its order that it would grant the State's motion to enter an order of nolle prosequi on that count in a separate order and that an amended sentence would be filed, but neither order appears in the record. Hughey then filed this direct appeal. We lack jurisdiction.

When a trial court grants a criminal defendant's motion for new trial in part on grounds other than sufficiency of the evidence, the case is not final for purposes of filing a direct appeal. See *Gonzales v. State*, 315 Ga. 661, 663 (1) (a) (884 SE2d 339) (2023); see also *State v. White*, 354 Ga. App. 214, 215 (840 SE2d 697) (2020) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.") (citation and punctuation omitted).

Here, the trial court vacated the sexual battery conviction, but the current record contains no indication that the court has entered an order of nolle prosequi or an amended sentence on that count. "Absent a final disposition indicating the nolle prosequi of the vacated count and a sentence that reflects that nolle prosequi, this case

remains pending in the trial court." *Martin v. State*, 358 Ga. App. 291, 293 (855 SE2d 42) (2021). Thus, Hughey was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34 (b); *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (a criminal case remains pending until the court enters a written judgment of conviction and sentence on each count).

Consequently, we lack jurisdiction over this premature appeal, which is hereby DISMISSED. We note that Hughey may seek appropriate appellate review upon the entry of a final judgment in this case.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/09/2024_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*