# Court of Appeals
# of the State of Georgia

ATLANTA,  March 27, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0486. GLENN MATTEER v. THE STATE.**

A jury found Glenn Matteer guilty of one count of aggravated battery and one count of simple battery as a lesser included offense of aggravated assault.  The trial court sentenced him to a total of 20 years, with the first 12 years to be served in confinement and the remainder on probation. Matteer filed a motion to correct his sentence, arguing that the final disposition incorrectly stated that he was convicted of simple assault (rather than simple battery) and that his conviction for simple battery should have merged with his conviction for aggravated battery.[1] The trial court agreed and vacated the final disposition, expressly stating that a new sentencing order would be issued to replace the vacated sentence. Matteer then filed a notice of appeal. However, the record reflects that the trial court has not yet entered a new sentencing order. As a result, Matteer's notice of appeal is premature, and we lack jurisdiction.

Pursuant to OCGA § 5-6-34 (a) (1), a defendant has the right to directly appeal a "final judgment[], that is to say, where the case is no longer pending in the court below." A criminal case remains pending until the trial court enters a written judgment of conviction and sentence. See *Littlejohn v. State*, 185 Ga. App. 31, 31-32 (363 SE2d 327) (1987); see also *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002). Because the trial court vacated the final disposition and has not yet entered a new sentencing order, we lack jurisdiction over Matteer's appeal, which is hereby DISMISSED.

---

[1] Matteer also filed a timely motion for new trial, which was denied.

Upon entry of the new sentencing order, the trial court clerk is DIRECTED to retransmit Matteer's appeal to this Court. Matteer need not file a second notice of appeal, as the prematurely filed notice of appeal will ripen upon entry of the sentence. *McCulley v. State*, 273 Ga. 40, 43 (4), n. 3 (537 SE2d 340) (2000).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __03/27/2025__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*