# Court of Appeals
# of the State of Georgia

ATLANTA, May 12, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1629. CRAIG MIKHAIL KENT v. THE STATE.**

After arresting Craig Mikhail Kent for receiving stolen property from out-of-state, police obtained a search warrant for Kent's residence and the surrounding property. While executing that warrant, law enforcement seized personal property from Kent's residence, including one or more electronic devices. Arguing that both his arrest and the search warrant were based on information police obtained while on Kent's property illegally, Kent filed a motion pursuant to OCGA § 17-5-30 (a) seeking suppression of all evidence seized and the return of Kent's personal property. The trial court denied Kent's motion, but granted him a certificate of immediate review. Kent then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" A criminal case is not final until all of the charges against the defendant have been resolved. See *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002). Given that the charge against Kent remains pending, he could seek immediate review of the trial court's order only by following the interlocutory appeal procedures outlined in OCGA § 5-6-34 (b). Those procedures required Kent both to obtain a certificate of immediate review and to file a timely application for interlocutory review in this Court. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Kent's failure to comply with all of the requirements of the interlocutory appeal statute deprives this Court of jurisdiction. See *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020) (holding that the statutory requirements for interlocutory

review are jurisdictional); *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019) ("'The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.'") (punctuation omitted). Accordingly, this direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/12/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*