# Court of Appeals
# of the State of Georgia

ATLANTA,  November 25, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1725. WOOTEN v. THE STATE.**

David Lee Wooten appeals from the trial court's order denying his motion for new trial. For reasons that follow, however, we find that Wooten's appeal is premature.

The record reveals that Wooten was indicted on nine charges: one count of aggravated assault (Count 1); five counts of possession of a firearm by a convicted felon (Counts 2 & 6-9); sexual battery (Count 3); disorderly conduct (Count 4); and interference with Government Property (Count 5). In November 2021, Wooten was tried on the offenses of sexual battery, disorderly conduct, and interference with government property. Wooten apparently filed a motion to sever the other charges, but that motion is not contained in the record, and there is nothing in the record indicating that the trial court ruled on the motion.[1] In any event, the jury found Wooten guilty, and the trial court entered sentences on the three offenses. Wooten filed a motion for new trial, which the trial court denied. This appeal followed.

Under OCGA § 5-6-34(a)(1)(B), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" A criminal case is not final and ripe for appeal until all of the charges against

---

[1] The State previously appealed the trial court's grant of a motion to suppress identification, which we reversed. See *State v. Wooten*, 363 Ga. App. 894 (873 SE2d 262) (2022). In its notice of appeal, the State suggested that the trial court granted Wooten's motion to sever in open court on October 4, 2021. But the transcript from that day does not contain any ruling of the trial court.

the defendant have been resolved.[2] See *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (holding that a criminal case remains pending until the court enters a written judgment of conviction and sentence on each count).

Because additional charges remain pending against Wooten, he was required to comply with the interlocutory appeal procedures — including securing a certificate of immediate review — to obtain review of the order at issue. See OCGA § 5-6-34(b). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/25/2025_____*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] OCGA § 5-6-34(a)(1)(A) was amended in May 2025 to provide for the direct appeal in criminal cases in which charges are dead docketed. Here, however, there is nothing in the record to suggest that any of the charges against Wooten have been dead docketed.