### S16A1347. JOHNSON v. THE STATE.
(794 SE2d 60)

NAHMIAS, Justice.

Appellant Sherwin Johnson is awaiting trial in Gwinnett County on felony murder and other charges in connection with the April 2014 shooting death of Kevin Pierre. On May 8, 2015, the trial court entered an order denying Appellant's motion for discharge and acquittal on speedy trial grounds, and on June 5, 2015, Appellant filed a timely notice of appeal of that order. The trial court properly denied Appellant's motion with respect to his *statutory* right to a speedy trial, and we affirm the court's ruling in this regard. However, the court failed to make the required findings of fact and conclusions of law to enable this Court to evaluate the denial of Appellant's motion with respect to his *constitutional* speedy trial right. Accordingly, we vacate the trial court's ruling in that regard and remand for the entry of an order containing appropriate findings of fact and conclusions of law. Appellant's many other enumerations of error lack merit.

1. The record indicates that at about 11:16 p.m. on April 13, 2014, there was a gunfight at the Bradford Gwinnett Townhomes in Norcross. Law enforcement officers responded to the scene within minutes, and shortly after midnight Kevin Pierre, who had been shot, was found lying dead on the ground nearby. Witnesses said that the fatal shots were fired from a large truck driven by Quinton Hall;

---

Appellant allegedly was in the front passenger seat at the time. The truck was traced to a man who said that he lent it to Appellant around noon on April 13. On the morning of April 14, Appellant, Hall, and a third man were questioned and then allowed to leave. On April 22, a detective obtained arrest warrants for Appellant for felony murder and aggravated assault, and the next day, Appellant was arrested at his place of business; he allegedly had small amounts of cocaine and marijuana in his pocket. On May 1, attorney Scott Drake filed a motion for bond on behalf of Appellant, which was withdrawn in June. On May 9, the trial court held a probable cause hearing at which the detective testified.

On July 16, 2014, during the June 2014 term of the Gwinnett County Superior Court, a grand jury indicted Appellant and Hall for felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a felony; Appellant was further charged with possession of cocaine and marijuana.[1] On August 26, Appellant made various pro se filings, including a handwritten "Demand for Speedy Trial" citing OCGA § 17-7-170 and an application for appointment of counsel alleging that Drake was ineffective.[2] On August 28, Drake filed a motion to withdraw as counsel.

---

[1] The terms of the Superior Court for the Gwinnett Circuit begin on the first Monday in March, June, and December and the second Monday in September. See OCGA § 15-6-3 (20).

[2] OCGA § 17-7-170 deals with speedy trial demands in noncapital cases and thus is inapplicable to this murder case. OCGA § 17-7-171 says in pertinent part:

(a) Any person accused of a capital offense may enter a demand for speedy trial at the term of court at which the indictment is found or at the next succeeding regular term thereafter; or, by special permission of the court, the defendant may at any subsequent term thereafter demand a speedy trial. The demand for speedy trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending. A demand for trial filed pursuant to this Code section shall be filed as a separate, distinct, and individual document and shall not be a part of any other pleading or document. Such demand shall clearly be titled "Demand for Speedy Trial"; reference this Code section within the pleading; and identify the indictment number or accusation number for which such demand is being made. The demand for speedy trial shall be binding only in the court in which such demand is filed, except where the case is transferred from one court to another without a request from the defendant.

(b) If more than two regular terms of court are convened and adjourned after the term at which the demand for speedy trial is filed and the defendant is not given a trial, then the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment, provided that at both terms there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment.

. . .

On September 2, 2014, the trial court entered an order dismissing Appellant's August 26 pro se filings, including the demand for speedy trial, on the ground that he was represented by counsel when he filed them. On October 22, the court held a hearing and found that Appellant had knowingly, voluntarily, and intelligently waived his right to counsel, indicated that Drake would be allowed to withdraw as counsel, and directed Wesley Person to serve as standby counsel for Appellant. On November 4, the court entered an order finding that Appellant made an unequivocal request to represent himself, had knowingly and intelligently waived the right to counsel, and understood the disadvantages of self-representation.

On November 7, 2014, the trial court held a formal arraignment hearing at which Appellant complained that he had not been able to file motions, including to challenge the indictment, since the court entered the order that allowed him to proceed pro se. After the indictment was read to Appellant, he was asked how he wanted to plead, and he responded, "I want to plead mute." The court said that it would order the docket to show that Appellant pled not guilty.

The court asked Appellant if he still wished to represent himself or wished to have appointed counsel, and Appellant said nothing. The court then said:

> Hearing no response from Mr. Johnson, I will not change in that regard. Now, Mr. Johnson, the next step is I'm going to give you additional time to file your own motions in this case. I will grant you, since you are pro se as of this point in time, an additional 20 days to file motions.

After an off-the-record discussion between Appellant and his standby counsel, Appellant asked the court "to grant me an additional 45 days" on the ground that he had not been receiving additional hours in the jail law library. There was a brief discussion about library time, and the court said, "As of right now, you get the time in the law library, and then you can write the rest of it until your heart's content. I'm going to grant you the amount of time I've given thus far, and we'll go from there." There was no mention at the hearing of another demand for speedy trial.

On November 10, 2014, the trial court entered an order directing the clerk to record a plea of not guilty on behalf of Appellant and a separate order directing, among other things, that jail officials permit Appellant at least five hours per week to conduct his own legal research in the jail law library. On December 5, which was during the December 2014 term of the Gwinnett County Superior Court and 28 days after the arraignment hearing, Appellant filed a pro se demand

for speedy trial, again citing OCGA § 17-7-170. The certificate of service filed with the demand did not show that Appellant served the demand on the prosecutor and the judge assigned to his case.[3]

On January 27, 2015, Appellant, through his standby counsel Person, filed a demand for speedy trial citing OCGA § 17-7-171, the Sixth Amendment, and Article I, Section I, Paragraph XI of the Georgia Constitution of 1983.[4] On February 17 and 18, Appellant filed handwritten demands for speedy trial citing the same bases. On March 18, the State and Appellant both announced ready for trial, and Appellant asserted that he had a speedy trial demand pending. At a hearing the next day, the trial court orally found that any statutory speedy trial demand was due by November 28, 2014, the last day of the term of court following the one in which Appellant was indicted. The court found that Appellant's original pro se speedy trial demand, which was filed on August 26, 2014, was ineffectual because he was represented by counsel when he filed it. The court found that Appellant's demand for speedy trial filed on December 5, 2014, was untimely and also that it was not served on the prosecutor or the judge to whom the case was assigned.

At a hearing on May 8, 2015, Appellant filed a motion for discharge and acquittal in open court, citing OCGA § 17-7-171, the Sixth Amendment, and the Georgia Constitution of 1983, but acknowledging that the trial court had previously orally found that his December 5, 2014 demand was untimely with respect to his statutory right to a speedy trial. The trial court summarily denied Appellant's motion in an order entered the same day. Also on May 8, the court entered an order directing the State's immediate compliance with outstanding discovery and an order specially setting the trial of Appellant and Hall to begin on June 8. On May 14, the State filed a certificate of discovery stating that a memory card with the contents of multiple CDs and DVDs had been served on Appellant's standby counsel. On May 27, the trial court entered an order specially setting Appellant's trial to begin on August 3 and vacating the earlier special setting order "due to additional witnesses and other issues."

On June 5, 2015, Appellant filed a notice of appeal, which was directed to the Court of Appeals, challenging the May 8 order denying

---

[3] The certificate of service said, "I hereby certify service of the enclosed motion to the Clerk of Superior Court, via U.S. Mail, with adequate amount of copies to be distributed by the Clerk's Office, to all involved parties."

[4] The Sixth Amendment of the federal Bill of Rights and Paragraph XI of the Georgia Bill of Rights both guarantee the right to a "speedy" trial in criminal cases.

his motion for discharge and acquittal.[5] On February 5, 2016, the Court of Appeals docketed the appeal, and on February 18, the case was transferred to this Court, as it involves a murder charge. The case was orally argued on July 18, with Appellant still representing himself.

2. Appellant contends that the trial court erred in denying his motion for discharge and acquittal due to the court's erroneous conclusion that the statutory demand for speedy trial he filed on December 5, 2014, was untimely. Appellant was indicted during the June 2014 term of the trial court; he did not file a valid demand in that term or the subsequent September 2014 term; and the December 2014 term began on December 1.[6] See OCGA § 15-6-3 (20). This would normally make his December 5 demand untimely. See OCGA § 17-7-171 (a) ("Any person accused of a capital offense may enter a demand for speedy trial at the term of court at which the indictment is found or at the next succeeding regular term thereafter . . . .").

Appellant asserts, however, that his demand was timely because at his November 7, 2014 arraignment hearing the trial court gave him an additional 45 days to file motions. In fact, the transcript of that hearing shows that although Appellant *requested* an additional 45 days to file motions, the trial court *granted* him only an additional 20 days. Appellant's December 5 demand was filed 28 days later. Thus, this enumeration of error lacks merit, and we need not decide whether the trial court's generic extension of time to file motions constituted the "special permission of the court" that OCGA § 17-7-171 (a) requires to file a statutory demand for speedy trial — which the statute refers to as a pleading rather than a motion — at a term after the one at which the indictment is returned or the next one. See *Abiff v. State*, 260 Ga. 434, 434 n. 2 (396 SE2d 483) (1990) ("Special permission of the court is required in order to put the trial court and prosecution on notice of the defendant's belated assertion of his rights."). We also need not address the trial court's alternative holding that the December 5 demand was ineffective because Appellant failed to serve it on both the prosecutor and the judge assigned

---

[5] Appellant later filed two amended notices of appeal designating additional materials to be included in the record on appeal.

[6] Appellant maintains that the trial court erred in dismissing his August 26, 2014 demand for speedy trial, which he filed pro se. However, Appellant was represented by counsel when he filed that demand, so it was invalid. See *Ware v. State*, 267 Ga. 510, 511 (480 SE2d 599) (1997). Appellant further claims that the trial court erred by dismissing his "Motion Demanding a Speedy Trial 10-3-2015 for Allegedly Missing Deadline," but the record does not include such a motion.

to the case. See OCGA § 17-7-171 (a) ("The demand for speedy trial shall be filed with the clerk of court and served upon the prosecutor . . . .").

3. Appellant also contends that the trial court erred in rejecting his claim of a constitutional speedy trial violation. The denial of a motion for acquittal based on a constitutional speedy trial violation ordinarily is not appealable before trial, absent compliance with the interlocutory appeal procedures. See *Stevens v. State*, 292 Ga. 218, 218-219 (734 SE2d 743) (2012); *Sosniak v. State*, 292 Ga. 35, 40 (734 SE2d 362) (2012). However, the denial of a motion for acquittal on statutory speedy trial grounds is immediately appealable. See *Tolbert v. Toole*, 296 Ga. 357, 360 n. 7 (767 SE2d 24) (2014). Appellant properly appealed the trial court's May 8, 2015 statutory speedy trial ruling, so the court's contemporaneous constitutional speedy trial ruling was appealable along with it. See OCGA § 5-6-34 (d) ("Where an appeal is [properly] taken . . . , all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere. . . ."). Compare *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (646 SE2d 207) (2007) (holding that an appellant may not enumerate as error rulings made after the filing of the notice of appeal at issue).

Constitutional speedy trial claims are evaluated under the two-part framework set out in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and refined in *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992). See *Ruffin v. State*, 284 Ga. 52, 55 (663 SE2d 189) (2008). The first part requires the trial court to determine whether the time between the defendant's arrest or indictment and his trial was long enough to be considered presumptively prejudicial to the defendant. See id. If the presumptive prejudice threshold was crossed, the court proceeds to the second part of the framework, applying "a context-focused, four-factor balancing test to determine whether [the defendant] was denied the right to a speedy trial." *Sweatman v. State*, 287 Ga. 872, 873 (700 SE2d 579) (2010). The four factors that the court must examine are: (1) the length of the delay; (2) the reasons for it; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. See *Doggett*, 505 U. S. at 651; *Barker*, 407 U. S. at 530-532. However, these four factors have "no talismanic qualities" and "must be considered together with

such other circumstances as may be relevant" in light of the animating principles of the speedy trial guarantee. *Barker*, 407 U. S. at 533.

The *Barker-Doggett* framework " 'necessarily compels courts to approach speedy trial cases on an ad hoc basis,' a task better suited to trial courts than appellate courts." *Sweatman*, 287 Ga. at 873-874 (quoting *Barker*, 407 U. S. at 530). We have explained that the trial court's discretion in applying this framework is "substantial" and "broad." *State v. Buckner*, 292 Ga. 390, 391 n. 3 (738 SE2d 65) (2013). We will accept the court's findings of fact unless they are clearly erroneous, and we will defer to the court's "ultimate conclusion . . . unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion." Id. "It is imperative, therefore, that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with" the *Barker-Doggett* framework. *Higgenbottom v. State*, 288 Ga. 429, 430-431 (704 SE2d 786) (2011). It is not the job of an appellate court to apply the *Barker-Doggett* framework in the first instance. See *Buckner*, 292 Ga. at 391 n. 3.

Here, the trial court made no findings of fact or conclusions of law regarding the *Barker-Doggett* analysis in its order summarily denying Appellant's motion for discharge and acquittal or in the hearing that preceded it. As a result, there is an insufficient basis for appellate review of this issue. We therefore vacate the order denying the motion for discharge and acquittal to the extent that it rejected Appellant's claim of a constitutional speedy trial violation, and we remand the case for the entry of an order containing appropriate findings of fact and conclusions of law. See *Higgenbottom*, 288 Ga. at 431.

4. In his disorganized briefs, Appellant enumerates as error a variety of other rulings of the trial court made prior to the filing of his notice of appeal from the May 8, 2015 order denying his motion for discharge and acquittal. Under OCGA § 5-6-34 (d), Appellant has the right to raise these issues in this appeal. Unhelpfully, the District Attorney's office failed to address these enumerations in its brief for the State. Nevertheless, it is clear that Appellant's additional claims cannot be sustained.

Appellant asserts that the State violated his right under the Fifth Amendment to the United States Constitution to "presentment or indictment of a Grand Jury." Unlike many other provisions of the federal Bill of Rights, however, the Grand Jury Clause of the Fifth Amendment does not apply to state prosecutions. See *Hurtado v. California*, 110 U. S. 516, 535 (4 SCt 111, 28 LE 232) (1884). See generally Sara Sun Beale et al., Grand Jury Law and Practice § 8:2

(2d ed. updated Nov. 2015). Appellant also contends that his indictment should be dismissed because his arrest warrants were not supported by probable cause. He asserts in this respect that the warrants were based on hearsay from a confidential source of unknown credibility related by a detective who was biased against Appellant due to his exoneration in a prior case. Even if true, that claim would provide no basis for the dismissal of an indictment. See *Fitzgerald v. State*, 166 Ga. App. 307, 308 (304 SE2d 114) (1983).

In several enumerations of error, Appellant contends that the trial court erred in granting the State continuances; in denying him a continuance; and, on two occasions, in specially setting his case for trial. However, trial scheduling and requests for continuances are addressed to the sound discretion of the trial court, and this Court will not interfere unless there was a clear abuse of discretion. See OCGA §§ 17-8-22, 17-8-33; *Simmons v. State*, 291 Ga. 705, 706 (733 SE2d 280) (2012). See also *Ealy v. State*, 251 Ga. 426, 429 (306 SE2d 275) (1983) (" 'Trial judges necessarily require a great deal of latitude in scheduling trials.' "). Appellant has not shown an abuse of discretion here.

Appellant complains that the trial court answered a question directed at the detective testifying at his probable cause hearing. Review of the hearing transcript shows, however, that rather than answering the question for the witness, the court was explaining why it was instructing Appellant's counsel at the time to move on. Appellant also asserts that the trial court erred in directing the clerk of court to enter a plea of not guilty for him when he declined to enter a plea. But OCGA § 17-7-94 says:

> If the person accused of committing a crime, upon being arraigned, pleads "not guilty" or stands mute, the clerk shall immediately record upon the minutes of the court the plea of "not guilty," together with the arraignment; and the arraignment and plea shall constitute the issue between the accused and the state.

Citing OCGA § 15-6-21 (b), Appellant maintains that the trial court did not rule on his December 5, 2014 demand for speedy trial for more than 90 days, until the May 8, 2015 order.[7] However, a demand

---

[7] OCGA § 15-6-21 (b) says:

In all counties with more than 100,000 inhabitants, it shall be the duty of the judge of the superior, state, or city court, unless providentially hindered or unless counsel for the plaintiff and the defendant agree in writing to extend the time, to decide promptly, within 90 days after the same have been argued before him or

for speedy trial is simply the required notice of the assertion of statutory speedy trial rights. The trial court ruled on Appellant's actual motion for discharge and acquittal based on that demand on the same day the motion was filed. And in any event, "if the judge fails or refuses to rule within [the 90-day] period, the remedy is not to require the motion to be granted, regardless of its merit." *Hagan v. State*, 294 Ga. 716, 717 (755 SE2d 734) (2014). Appellant also asserts that the court erred in denying his motion for discharge and acquittal without a hearing, but the motion was filed in open court at a hearing on May 8, 2015, and the court heard the motion then before entering the order denying the motion later that day.

Appellant contends that the State has failed to disclose evidence favorable to him that is material to his guilt or punishment. But his case is still pending trial, so this issue is not yet ripe for our review. See *Strickler v. Greene*, 527 U. S. 263, 281-282 (119 SCt 1936, 144 LE2d 286) (1999) (explaining that to show a "*Brady* violation," a defendant must show that the government suppressed exculpatory or impeaching evidence and that there is a reasonable probability that the suppressed evidence would have produced a different result at trial). See generally 2 Andrew D. Leipold et al., Federal Practice and Procedure § 256 (4th ed. Apr. 2016 update) (discussing the timing of constitutionally required disclosures of exculpatory evidence). Finally, Appellant's complaint about the trial court's failure to send up the record on appeal is now moot.

*Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

Sherwin Johnson, *pro se.*

*Daniel J. Porter, District Attorney, Christopher M. Quinn, Charissa R. Henrich, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

submitted to him without argument, all motions for new trials, injunctions, demurrers, and all other motions of any nature.