306 Ga. 55
FINAL COPY

S19A0224.  GOINS v. THE STATE.

NAHMIAS, Presiding Justice.

Appellant Charmane Goins was convicted of malice murder in connection with the strangling death of Lauren Taylor. On appeal, Appellant contends, among other things, that the evidence presented at his trial was insufficient to support his conviction and that his constitutional right to a speedy trial was violated. As explained below, the evidence was sufficient, but the trial court did not make the findings and conclusions regarding Appellant's speedy trial claim that we require for appellate review. We therefore vacate in part the trial court's order denying Appellant's motion for new trial and remand the case for the court to properly address the speedy trial claim.[1]

---

[1] We decide the sufficiency issue because, if Appellant prevailed, his conviction would be reversed and he could not be retried. See *Cowart v. State*, 294 Ga. 333, 343 (751 SE2d 399) (2013). We do not address his remaining enumerations of error, which might be rendered moot by the trial court's

1. Viewed in the light most favorable to the verdict, the evidence at trial showed the following. Appellant, who was married and lived in Tunnel Hill in northeast Georgia, began an affair with Taylor in 2013. In August 2014, Appellant told his friend Karl Wyatt that he wanted to end the affair but could not because Taylor was threatening to expose it to his wife and children. Taylor was last seen leaving her friends' house with Appellant around 1:30 p.m. on October 7, 2014; the next morning, her partially burnt body was found in Deshong Park in Gwinnett County. The cause of death was manual strangulation, after which her body had been doused in gasoline and set on fire.

Appellant told investigators that he dropped off Taylor at a

---

speedy trial ruling on remand.

Taylor was killed on October 8, 2014. On February 27, 2015, a Gwinnett County grand jury indicted Appellant for malice murder, felony murder, and aggravated assault. At a trial from August 28 to September 5, 2017, the jury found him guilty on all counts. The trial court sentenced Appellant to serve life in prison without parole for malice murder; the felony murder count was vacated, and the aggravated assault count merged. Appellant filed a timely motion for new trial, which he amended with new counsel on April 10, 2018. After a hearing on April 23, 2018, the trial court summarily denied the motion on July 12, 2018. Appellant filed a timely notice of appeal, and the case was docketed in this Court for the term beginning in December 2018 and submitted for decision on the briefs.

mall in Chattanooga, Tennessee on the afternoon of October 7 and then returned to Chattanooga around 11:00 that night to help Wyatt with car trouble. Wyatt initially confirmed that alibi, but he later recanted and testified that he was not with Appellant that night and that Appellant had asked him to provide the false alibi. Appellant's cell phone records showed that, instead of going to Chattanooga that night as he had claimed, Appellant actually traveled south along I-75 around midnight, and then traveled east along I-285 toward Gwinnett County around 1:00 a.m. In addition, later on the day of the murder, Appellant pawned a guitar that Taylor had stolen from an ex-boyfriend. Finally, Appellant's former cellmate testified that Appellant had confessed that he killed Taylor by strangling her with the seatbelt while she was sleeping and left her body at a "gang park" that Wyatt had told him about. Appellant testified at trial, giving a new version of his alibi story and claiming that Taylor gave him the stolen guitar as payment for gas.

Appellant contends that the evidence was legally insufficient to support his conviction because it was circumstantial and

unpersuasive. See OCGA § 24-14-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."). There was, however, direct evidence of Appellant's guilt — his confession to his former cellmate. Moreover,

> to the extent [Appellant's] conviction[ ] rest[s] on circumstantial evidence, this evidence "need not exclude every conceivable inference or hypothesis; it must rule out only those that are reasonable." And it is principally for the jury to determine whether an alternative hypothesis is reasonable.

*Willis v. State*, 304 Ga. 781, 783 (822 SE2d 203) (2018) (citations and footnote omitted). When viewed properly in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of malice murder. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) ("'It was for the jury to determine the credibility of the witnesses and to resolve

any conflicts or inconsistencies in the evidence.'" (citation omitted)).

2. Appellant contends that his constitutional right to a speedy trial was violated. We are unable to properly consider this claim at this time, however, because the trial court failed to make the necessary findings of fact and conclusions of law.

(a) Appellant was arrested on December 22, 2014, and his trial began 32 months later on August 28, 2017. Among other events occurring in the case, during the initial 24 months after Appellant's arrest, his first attorney apparently filed a pre-indictment constitutional speedy trial demand, on which the trial court appears never to have ruled; counsel filed a statutory speedy trial demand, which was struck as untimely; there were several calendar calls at which discovery and other issues were discussed; and Appellant's counsel requested two continuances on the ground that the State had failed to provide timely discovery, which the trial court granted. In December 2016, Appellant's first attorney suffered a debilitating stroke, and a medical leave of absence until April 1, 2017 was requested on his behalf. Appellant spoke up at several of the

hearings to tell the court that he opposed delays and wanted a trial as soon as possible.

On March 1, 2017, through a new lawyer, Appellant filed a motion to dismiss the indictment based on the alleged violation of his constitutional right to a speedy trial. At a hearing on May 12, Appellant testified about the difficult conditions of his pretrial confinement, and his counsel proffered that an anticipated defense witness had died; the trial court orally denied the motion to dismiss. The trial began three-and-a-half months later. In his amended motion for new trial, Appellant asserted a constitutional speedy trial violation, along with other claims. At the hearing on the motion in April 2018, Appellant and both of his attorneys testified, but there was no argument and the trial court made no oral comments about the speedy trial claim. The court denied the motion by summary order on July 12, 2018.

(b) To determine whether a defendant's constitutional right to a speedy trial was violated, the trial court must first consider whether the length of time between the defendant's arrest and trial

"is sufficiently long to be considered 'presumptively prejudicial.' If not, the speedy trial claim fails at the threshold." *State v. Pickett*, 288 Ga. 674, 675 (706 SE2d 561) (2011) (citation and punctuation omitted). A one-year delay is typically presumed to be prejudicial. Id.

If the presumptive-prejudice threshold is crossed, the trial court must consider the following four *Barker* factors: "(1) the length of the delay; (2) the reasons for it; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant." *Johnson v. State*, 300 Ga. 252, 257 (794 SE2d 60) (2016) (citing *Barker v. Wingo*, 407 U. S. 514, 530 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647, 651 (112 SCt 2686, 120 LE2d 520) (1992)). This "second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis." *Pickett*, 288 Ga. at 675 (citations and punctuation omitted).

Because of the fact-intensive nature of speedy trial analysis,

and because the trial court's resulting ruling is reviewed on appeal for abuse of discretion, we have explained that it is "imperative" that "the trial court enter findings of fact and conclusions of law consistent with *Barker*." *Higgenbottom v. State*, 288 Ga. 429, 430-431 (704 SE2d 786) (2011). "Absent such findings, there is no exercise of discretion for this Court to review." Id. at 431. See also *Pickett*, 288 Ga. at 679-680 ("It is not the job of the appellate court . . . to weigh the *Barker* factors in the first instance.").

(c) In its brief oral ruling denying Appellant's pretrial motion to dismiss the indictment, the trial court said that the pretrial delay "might have been three or four months beyond the presumptive appropriate time"; that although the State had been ready for trial since April 2016, Appellant's first attorney requested two continuances (which Appellant disagreed with) and then became ill; and that "the totality of the circumstances places the delay with" Appellant's first attorney. The court concluded that "most of the delay in this case has been or appears to the Court to be delay that rests I think more heavily with the defense and not with the State,

and I am going to deny your motion to dismiss at this point." The court did not mention or make any findings about Appellant's assertion of his right to a speedy trial or prejudice to the defense from the delay, and the court never entered an order on the motion making findings and conclusions or even referring to what it had said at the hearing. Later, the court failed to make any findings or conclusions at the motion for new trial hearing or in the summary order denying Appellant's motion and its speedy trial claim.

Accordingly, we must vacate the trial court's order and remand the case "for the entry of an order containing appropriate findings of fact and conclusions of law [on the speedy trial claim]." *Johnson*, 300 Ga. at 252. See also, e.g., *Leopold v. State*, 324 Ga. App. 550, 558 (751 SE2d 184) (2013); *Cawley v. State*, 324 Ga. App. 358, 360 (750 SE2d 428) (2013). In doing so, we express no opinion about the merits of Appellant's post-trial speedy trial claim or the limited findings the trial court announced regarding Appellant's motion to dismiss the indictment.

Judgment affirmed in part and vacated in part, and case

remanded with direction. All the Justices concur, except Bethel, J., disqualified.

Decided June 3, 2019.

Murder. Gwinnett Superior Court. Before Judge Turner.

Ramón Alvarado; Richard C. Armond, for appellant.

Daniel J. Porter, District Attorney, Lee F. Tittsworth, Daryl E. Manns, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.