**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 17, 2019**

# In the Court of Appeals of Georgia

A19A0470. THE STATE v. LEWIS.

MCMILLIAN, Judge.

The State appeals from the trial court's order granting defendant Michael Lewis' motion to dismiss his indictment on one charge of possession of a firearm by a convicted felon. For the reasons that follow, we vacate the trial court's order and remand for further proceedings.

The limited record shows that Lewis and his co-defendant, Dexter Harris, were stopped by police on August 12, 2013, after the officers saw that neither man was wearing a seatbelt. When the officers approached the vehicle, they observed what appeared to be a marijuana cigar tucked into Lewis' waistband. During a subsequent search of the vehicle, officers located a handgun in the center console. When neither man admitted to owning or possessing the handgun, both Lewis and Harris were arrested and later charged with possession of a firearm by a convicted felon.

In 2018, Lewis and Harris filed a motion to suppress and a motion to dismiss the indictment on the grounds that they had been deprived of their constitutional right to a speedy trial. After the motions were set for a hearing during a period when the testifying officer would be unavailable, the State moved to continue the hearing on the defendants' motions to suppress. At the hearing on the motion to dismiss, Harris elected to waive his motions and enter a guilty plea, which the trial court accepted. In discussing sentencing, Harris' counsel told the trial court:

> And we're not getting into actual ownership or anything like that, but he is taking responsibility for the gun that was in there. Because he was the driver of the car, and it's presumed to be – anything in there is presumed to be that of the owner, and I've tried to explain that to him, too. And he can't even be around somebody that has a firearm because this can happen again even though it's not his firearm.

Later that same day, Lewis appeared in the same trial court for a hearing on his speedy trial motion. Immediately, the trial court asked the State what it was "trying to accomplish" given that Harris had just entered a guilty plea on the same charge. The State explained that the defendants were not charged with ownership of the firearm, but rather with constructive joint possession because the firearm was found within arm's reach of both men in the vehicle. When the State attempted to address

2

the factors involved in the analysis of Lewis' speedy trial motion, the trial court again turned to the fact that Harris had pleaded guilty to possession of the firearm. The trial court then asked – despite the State's motion for continuance in the absence of the testifying officer – whether it was permitted to dismiss the case by converting Harris' constitutional speedy trial motion to a "motion for directed verdict." Although the State maintained that a directed verdict would not be appropriate, the trial court entered an order dismissing the indictment on the grounds that the State "had not spoken to the arresting officer to clarify the area where the firearm was recovered." This appeal followed.

Although it is not entirely clear from the record what the trial court intended to do in issuing its order following the hearing on Lewis' speedy trial motion, we find that it was without authority to act as it did. We first note that a directed verdict of acquittal is proper "[i]f, construing the evidence in favor of the State, no rational jury could make the requisite finding." *Shivers v. State*, 286 Ga. 422, 430 (3), n.4 (688 SE2d 622) (2010). Thus, a motion for directed verdict "has no meaning when a case is tried without a jury." *Poole v. State*, 249 Ga. App. 409, 410 (1) (548 SE2d 113) (2001) (trial court cannot direct a verdict of acquittal in a bench trial). Because there has been no trial – much less a jury trial – in this case, the trial court was not

3

authorized to issue a directed verdict. See *Fluellen v. State*, 264 Ga. App. 19, 22 (4), n.1 (589 SE2d 847) (2003) (trial court cannot direct verdict of acquittal in a bench trial). If there had been a bench trial, "the issue [would have been] whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979)." *Poole*, 249 Ga. App. at 410 (1). However, suffice it to say, neither the trial court nor this Court can undertake an analysis of the sufficiency of the evidence prior to trial.

If the trial court intended to dismiss the indictment on speedy trial grounds, it was first required to evaluate Lewis' claim under the two-part framework set out in *Barker v. Wingo*, 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U.S. 647 (112 SCt 2686, 120 LE2d 520) (1992). See *Johnson v. State*, 300 Ga. 252, 257 (3) (794 SE2d 60) (2016). Because the trial court did not make the required findings of fact or conclusions of law regarding the *Barker-Doggett* analysis, we must vacate the order and remand the case for further proceedings and the entry of an order containing the appropriate findings of fact and conclusions of law. Id. at 258 (3).

*Judgment vacated and case remanded. McFadden, P. J., and Goss, J., concur.*

4