**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 13, 2020**

# In the Court of Appeals of Georgia

A20A0795. HOLLAND v. THE STATE.

MERCIER, Judge.

We granted Xavier Holland's application for interlocutory review of the trial court's order denying his motion to dismiss based on an alleged violation of his constitutional right to a speedy trial. Finding no basis for reversal, we affirm.

Holland was originally arrested and indicted in 2015 on charges of trafficking in methamphetamine, possession of a controlled substance with intent to distribute, and other offenses. The State nolle prossed the case in June 2017 and then reindicted Holland in July 2017 for the same crimes, this time with two co-defendants. Holland was released on bond in August 2017, conditioned upon his wearing an ankle monitor at all times and abiding by a curfew from 8:00 p.m. to 6:00 a.m. According to Holland, these bond conditions were continued from the original 2015 indictment.

Holland's bond was revoked in July 2019 for his failure to comply with the rules of the ankle monitoring company, and he was remanded to the custody of the sheriff's office until trial. The case was placed on the trial calendar for the week of September 23, 2019. On September 9, 2019, Holland filed a motion to dismiss the indictment, alleging a violation of his constitutional right to a speedy trial.

Following a hearing, the trial court found that although the length of the delay and the reason for the delay weighed against the State, the manner in which Holland asserted his right to a speedy trial and his failure to show prejudice by the delay weighed against him. Balancing those factors, the court found that in this case, the first two factors were outweighed by the last two factors, and it denied Holland's motion. Holland appeals.

In determining

> whether a defendant's constitutional right to a speedy trial was violated, the trial court must first consider whether the length of time between the defendant's arrest and trial is sufficiently long to be considered presumptively prejudicial. If not, the speedy trial claim fails at the threshold. A one-year delay is typically presumed to be prejudicial. If the presumptive-prejudice threshold is crossed, the trial court must consider the following four *Barker* factors: (1) the length of the delay; (2) the reasons for it; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Johnson v. State*, 300

Ga. 252, 257 (794 SE2d 60) (2016) (citing *Barker v. Wingo*, 407 U. S. 514, 530 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647, 651 (112 SCt 2686, 120 LE2d 520) (1992)). This second stage of the constitutional speedy trial analysis requires courts to engage in a difficult and sensitive balancing process and necessarily compels them to approach speedy trial cases on an ad hoc basis.

*Goins v. State*, 306 Ga. 55, 57 (2) (b) (829 SE2d 89) (2019) (citation and punctuation omitted).

[O]n appeal we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion. However, if the trial court significantly misapplies the law or clearly errs in a material factual finding, we will only affirm the trial court's decision if we conclude that had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment.

*Gray v. State*, 347 Ga. App. 235, 240 (3) (b) (817 SE2d 723) (2018) (citations and punctuation omitted). We find no abuse of discretion in this case.

1. Regarding the first stage of the *Barker* analysis, the trial court found, and the parties do not dispute, that the four-year delay between the date of the arrest or indictment and the date on which the speedy trial motion was denied is presumptively prejudicial. See *Goins*, supra; *Gray*, supra at 239 (3) (a).

2. We therefore turn to the next stage of the *Barker* analysis.

3

(a) *Length of the delay.* Holland argues that although the trial court correctly found that the pre-trial delay weighed against the State, the court failed to weigh that delay heavily against the State in the balancing test. However, we have held that no particular length of delay requires the trial court to weigh that factor heavily against the State "because the idea of a bright-line rule is anathema to the analysis of speedy trial claims." *Milner v. State*, 329 Ga. App. 654, 658 (2) (a) (765 SE2d 790) (2014) (physical precedent only); see *State v. Pickett*, 288 Ga. 674, 679 n. 1 (706 SE2d 561) (2011) (noting that a bright-line rule allowing the presumption of prejudice after any period of delay to automatically trump the other *Barker* factors would be contrary to the case-by-case balancing required by *Barker* and this Court's precedent). In fact, longer delays have not been weighed heavily against the State. See *Milner*, supra at 658 (2) (a). In any event, because the trial court weighed this factor against the State, it did not abuse its discretion. See generally *Brewington v. State*, 288 Ga. 520, 523 (3) (b) (i) (705 SE2d 660) (2011).

(ii) *Reason for the delay.* The trial court concluded that the delay was attributable to the State and thus should be weighed against the State, but because the delay was not intentionally done to prejudice the defense, it should not be weighed

4

heavily against the State. See *Gray*, supra at 240 (3) (b) (ii). Holland agrees with this part of the analysis.

(iii) *Assertion of the right.* Holland argues that he asserted his speedy trial right in October 2017 by virtue of a 2013 standing order of the superior courts of the Northern Judicial Circuit, when an attorney with the public defender's office filed an entry of appearance on his behalf in this case.[1] According to Holland, "[t]his Standing Order states that certain pretrial motions, discovery requests, and demands are deemed to be filed in each case in which the Public Defender's Office makes an Entry of Appearance," and "the Standing Order includes a Demand for a Constitutionally Speedy Trial."

At the hearing on the motion, the trial court inquired about standing orders, stating that there was a rule that all standing orders were to be reviewed and updated, refiled, or deemed no longer applicable. The court and counsel for both parties were unsure of the status of the standing order at issue.

---

[1] Holland also states that a speedy trial demand was triggered when his public defender filed an entry of appearance under the original (2015) indictment. He does not provide a citation to the appellate record for that particular pleading; it appears that few documents pertaining to the original indictment are included in the record in this case.

In its written order, the trial court found that Holland had made "no individualized or special assertion of his right to a speedy trial," stating that "the demands were intertwined in a standing order that was applicable to every case that the Public Defender's office entered an appearance into . . . and that there needed to be some affirmative action on the defendant's part to put the Court on notice." The court found that Holland's failure to assert the right separate from the Court's standing order weighed heavily against Holland.

Holland argues that the speedy trial demand referenced in the standing order was triggered by his public defender's entry of appearance. However, the standing order upon which Holland relies is not in the appellate record transmitted by the trial court. At the hearing on the motion, Holland stated that he "submitted into evidence" a copy of the court's standing order, and that the standing order "demand[s] a constitutional speedy trial." But the transcript does not show that the standing order upon which he relies was ever admitted into evidence, and we do not see the standing order elsewhere in the appellate record. We note that Holland attached a copy of the purported standing order as an exhibit to the brief he filed with his application for interlocutory review, but exhibits that are not in the record transmitted by the trial court cannot be considered by this Court. See *In/Ex Systems v. Masud*, 352 Ga. App.

722 (1) (835 SE2d 799) (2019); *Lynch v. State*, 346 Ga. App. 849, 857 n. 37 (3) (ii) (815 SE2d 340) (2018) (this Court cannot consider documents that are not in the appellate record and that were not admitted into evidence at the hearing); *Sherod v. State*, 334 Ga. App. 314, 315 n. 9 (779 SE2d 94) (2015).

It is well-settled that the appellant bears the burden of compiling a complete record and ensuring that evidence introduced at a hearing is included in the record transmitted to this Court. *Shelton v. State*, 350 Ga. App. 774, 780 (2) (830 SE2d 335) (2019); *Sherod*, supra; see Court of Appeals Rule 18 (b). "When a portion of the evidence bearing upon the issues raised by the enumerations of error is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." *Chernowski v. State*, 330 Ga. App. 702, 706 n. 8 (769 SE2d 126) (2015) (citation and punctuation omitted). There being insufficient information in the appellate record for this Court to review the trial court's ruling regarding this particular factor, the ruling enumerated as error must be upheld. See id.; see generally *State v. Buckner*, 292 Ga. 390, 397-398 (3) (c) (738 SE2d 65) (2013).

(iv) *Prejudice to the defendant.* "To evaluate . . . prejudice to the defendant, we consider three interests: preventing oppressive pretrial incarceration, minimizing

anxiety and concern of the defendant, and limiting the possibility that the defense will be impaired." *Layman v. State*, 284 Ga. 83, 86 (663 SE2d 169) (2008). "[A] court must remember that anxiety and concern [of the accused] are always present to some extent, and thus absent some unusual showing, this factor is not likely to be determinative in defendant's favor." *Smereczynsky v. State*, 314 Ga. App. 73, 77 (2) (d) (ii) (722 SE2d 892) (2012) (citation and punctuation omitted).

Holland was out on bond during some of the pre-trial period and, as the trial court noted, he was returned to custody several times for violating the conditions of his bond. The court found that while Holland claimed that he suffered undue anxiety and concern due to the conditions of his bond, he had "not experienced anything different than any other defendant would have experienced in this situation." The court also found no evidence that Holland's ability to prepare a defense was impaired by the delay.

Holland claims that the trial court failed to consider the testimony of his mother, who asserted that he suffered stress and anxiety related to his bond conditions, namely paying for ankle monitoring service, missing some of his son's activities due to the curfew, and having difficulties with his employment. However, Holland's mother also testified that Holland was able to visit his son and work for his

8

employer locally. "[Holland] has not made any sort of 'unusual showing' of anxiety that would weigh this element in his favor." *Jakupovic v. State*, 287 Ga. 205, 207 (1) (d) (695 SE2d 247) (2010) (citation omitted); see also *Leslie*, 301 Ga. 882, 886 (2) (b) (iv) (804 SE2d 351) (2017); *Nusser v. State*, 275 Ga. App. 896, 900 (622 SE2d 105) (2005). We find no abuse of discretion in the trial court's determination that there was no prejudice. See *Jakupovic*, supra.

In sum, after reviewing the record and the findings of the trial court, we find that the trial court did not abuse its discretion when it determined that there was no violation of Holland's constitutional right to a speedy trial. See generally *Brewington v. State*, 288 Ga. 520, 524 (3) (b) (iv) (705 SE2d 660) (2011); *Jakupovic*, supra at 208 (2).

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.