# Court of Appeals
# of the State of Georgia

ATLANTA,  October 27, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0470. JEFFREY HENDERSON v. THE STATE.

Jeffrey Henderson, proceeding pro se, has been charged with rape, false imprisonment, aggravated battery, aggravated assault, aggravated sodomy, and other crimes. He has filed multiple pretrial motions, including his most recent motions to dismiss for failure to provide a speedy trial pursuant to the Sixth Amendment, for bond, and to rescind a bond revocation order. The trial court subsequently denied these motions, and Henderson filed this direct appeal.[1]

As a general rule, a right of direct appeal lies from a final judgment; that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). This case is still pending before the trial court. The Supreme Court has created limited exceptions to this rule, including where a criminal defendant seeks review of a trial court order denying his statutory demand for a speedy trial. See *Johnson v. State*, 300 Ga. 252, 257 (3) (794 SE2d 60) (2016) (the denial of a speedy trial motion based on statutory grounds is immediately appealable). However, the denial of a speedy trial claim based on a constitutional violation is subject to the interlocutory appeal procedures. Id. In this case, the trial court addressed Henderson's speedy trial motion based on constitutional grounds alone, and therefore he was required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate

---

[1] In addition to the orders denying these motions, Henderson's notice of appeal states that he is appealing the trial court's order denying his "motion for funds to hire a private investigator." However, the record does not reflect that the trial court ruled on this motion.

review from the trial court – to appeal the order denying his motion to dismiss based on speedy trial, as well as the order denying his motion to rescind the bond revocation. See OCGA § 5-6-34 (b); *Crane v. State*, 281 Ga. 635, 635-637 (641 SE2d 795) (2007); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Henderson's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Crane*, 281 Ga. at 635-637; *Boyd*, 191 Ga. App. at 435.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/27/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*