**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 5, 2022**

# In the Court of Appeals of Georgia

A21A1654. WILLIAMS v. THE STATE.

PINSON, Judge.

A jury convicted Ivery Lee Williams of several crimes including false imprisonment and aggravated battery. Representing himself on appeal, Williams contends that the trial court erred by denying his motion for speedy trial. We hold that the trial court did not abuse its discretion in denying Williams's speedy-trial motion and therefore affirm.

## Background

The record shows that Williams went to the victim's home to accuse her of stealing drugs. During the confrontation, Williams hit the victim with his fist. After the victim pointed a gun at him, Williams took the gun from her and pistol whipped her with it before tying the victim up with duct tape and burning her with a hot iron.

A later search of Williams' vehicle and home revealed a gun and cocaine. The jury convicted Williams of false imprisonment, aggravated battery, violation of the Georgia Controlled Substances Act, and possession of firearm by a convicted felon, but acquitted him of one count of rape.

In his first appeal from his conviction, Williams filed a pro se notice of appeal from the denial of his motion for new trial. *Williams v. State*, __ Ga. App. __ (Case No. A19A2112, decided June 24, 2019) ("*Williams I*"). Williams then requested and was appointed counsel while simultaneously asking to represent himself. This Court granted Williams's appellate counsel's motion to remand the case to the trial court to determine whether Williams was represented by counsel.

On remand, the trial court determined that Williams had availed himself of his right to counsel, and the case was re-docketed in this Court. See *Williams v. State*, __ Ga. App. __ (Case No. A20A1044, decided on March 9, 2020) ("*Williams II*"). Williams's appellate counsel then moved to withdraw, and this Court remanded the case again for the trial court to hold a hearing on that motion. On remand, the trial court held a hearing and confirmed that Williams would be represented by appellate counsel.

The case was again re-docketed with this Court. See *Williams v. State*, __ Ga. App. __ (Case No. A21A0445, decided March 23, 2021) ("*Williams III*").This time, Williams appealed from the trial court's denial of his motion for speedy trial. This Court remanded the case for a third time so the trial court could make required findings of fact and conclusions of law as to Williams's constitutional speedy trial claim. On remand, the trial court entered a written order denying Williams's constitutional speedy trial claim. This appeal followed.

## Discussion

Williams contends that the trial court erred in denying his motion for speedy trial. We review the denial of a speedy-trial motion for abuse of discretion, *Heard v. State*, 295 Ga. 559, 563 (2) (a) (761 SE2d 314) (2014). and we conclude that the trial court here did not abuse its discretion.

The United States Constitution and the Georgia Constitution each guarantee the right to a speedy and public trial in criminal cases. U. S. Const., Amend. VI; Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). A defendant's claim that this right was violated is analyzed in "two stages." *Henderson v. State*, 310 Ga. 231, 234 (2) (850 SE2d 152) (2020). First, the trial court makes a "threshold inquiry" whether the interval from the arrest, indictment, or other formal accusation to the trial is long

enough to be considered "presumptively prejudicial." Id. If not, the claim fails. If the delay is presumptively prejudicial, the court goes to stage two: application of the United States Supreme Court's four *Barker-Doggett* factors. Id. (citing *Barker v. Wingo*, 407 U. S. 514, 530 (92 SCt 2182, 33 LE2d 101) (1972); *Doggett v. United States*, 505 U. S. 647, 652 (112 SCt 2686, 120 LE2d 520) (1992)). Those factors include

> (1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for the delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result.

Id. at 235 (2) (citation omitted). These factors do not have "talismanic qualities and must be considered together with such other circumstances as may be relevant." *Ruffin v. State*, 284 Ga. 52, 56 (2) (b) (663 SE2d 189) (2008) (punctuation omitted). On the whole, this second stage of this analysis requires trial courts to engage in a sensitive and difficult balancing process that they must approach on an ad hoc basis. Id. For this reason, the trial court's discretion in applying this analysis is "substantial and broad." *Heard*, 295 Ga. at 563 (2) (a). We review each stage of the trial court's analysis in turn.

4

## (a) Threshold Inquiry

The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and the courts measure the delay from the time the right attaches. *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005). "A one-year delay is typically presumed to be prejudicial." *Goins v. State*, 306 Ga. 55, 57 (829 S.E.2d 89) (2019). Here, more than two years elapsed between Williams's arrest and the start of trial, so the trial court did not abuse its discretion in concluding that this delay raised a presumption of prejudice. Id.; see also *Ruffin v. State*, 284 Ga. at 56 (2) (a).

## (b) *Barker-Doggett* Factors

Because the trial court did not abuse its discretion in finding presumptive prejudice, we turn to the *Barker-Doggett* factors.

(i) *Length of delay.* In its order denying the speedy trial motion, the trial court "correctly acknowledged that the delay that can be tolerated in a particular case depends to some extent on the complexity and seriousness of the charges in that case." *State v. Buckner*, 292 Ga. 390, 393 (3) (a) (738 SE2d 65) (2013). Although the delay in this case was long, the trial court noted that it weighed this factor "only nominally against the State" in light of the seriousness of the crimes with which

5

Williams was charged and the fact that the State announced ready at most trial calendars; the majority of the delays were caused by issues with Williams securing suitable trial counsel. Because "there is no bright-line rule that all uncommonly long delays must be weighed heavily against the State," and because the delay was mostly attributable to Williams' difficulties retaining trial counsel, the trial court did not abuse its discretion in giving only slight weight to this factor against the State. See, e. g., *Durham v. State*, 355 Ga. App. 426, 429 (1) (a) (844 SE2d 499) (2020) (complexity of case combined with the fact that trial court's docket had multiple older cases on its docket supported a finding that the delay should be weighed only moderately against the State).

(ii) *Reason for delay.* The second factor requires the trial court to examine both the reason for the delay and whether it was attributable to the State or the defendant. *Thomas v. State*, 331 Ga. App. 641, 662–63 (8) (b) (ii) (771 SE2d 255) (2015). This factor was the most important to the trial court, and the court weighed it heavily against Williams, finding that he had caused most of the delay.

Based on the record, we cannot say that the trial court abused its discretion in reaching that conclusion. As the trial court recounted in detail, leading up to his eventual trial, Williams fired two attorneys and then invoked his right to represent

6

himself. As a result, the court continued the case three separate times—twice so conflict counsel could be appointed, and a final time to give Williams time to prepare to represent himself. And although the State sought one continuance because a witness wasn't available, the evidence shows that the State "did not deliberately attempt to delay trial in order to hamper [Williams's] defense or to gain a tactical advantage." *Williams*, 290 Ga. 24, 27 (2) (717 SE2d 640) (2011). The trial court thus did not abuse its discretion in finding that this factor weighed heavily against Williams. See *Hughes v. State*, 228 Ga. 593, 595 (1) (b) (187 SE2d 135) (1972) (reasons for delay weighed against defendant when State announced ready to proceed to trial at several calendar calls, but the delay was caused by defendant's dissatisfaction with counsel and repeated changes in defense counsel); *Williams v. State*, 290 Ga. at 26 (2) ("[w]hen any portion of a delay in trial is caused by or at the behest of [the defendant or] defense counsel, it should not be weighed against the State").

(iii) *Defendant's assertion of the right*. "The accused bears some responsibility to invoke the speedy trial right and put the government on notice that he or she, unlike so many other criminal defendants, would prefer to be tried as soon as possible." *Hughes v. State*, 359 Ga. App. 243, 247 (3) (b) (iii) (857 SE2d 249) (2021)

7

(punctuation omitted). The trial court found that Williams asserted the right to a speedy trial: he filed multiple pro se speedy-trial motions while he was represented by an attorney, which had no legal effect, and he also filed a speedy trial demand in December 2017 and January 2018, after he dismissed his counsel. But, as the trial court pointed out, he was tried "at the very next opportunity." The trial court did not abuse its discretion by weighing this factor only slightly against the State. See, e. g. *Howard v. State*, 307 Ga. App. 822 (706 SE2d 163) (2011) ("a pro se demand for speedy trial filed while a criminal defendant is represented by counsel [has] no legal effect whatsoever [because] the Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel") (citation and punctuation omitted).

(iv) *Prejudice*. The final factor in the *Barker-Doggett* analysis is prejudice to the defendant. The types of prejudice associated with an unreasonable pre-trial delay could include "oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." *Hughes*, 359 Ga. App. at 247 (3) (b) (iv). "Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.

8

Here, the trial court did not abuse its discretion by finding that the prejudice factor did not favor Williams. Id. Williams was in jail for around two years before his trial because he could not post bond. But he made no showing that he was subjected to any unusual oppression as a result of his incarceration, and although he testified that the pre-trial delay caused him anxiety and depression, he failed to present evidence that these effects went beyond "that which is always present during a criminal prosecution." *Jones v. State*, 296 Ga. 561, 571 (7) (769 SE2d 307) (2015). Nor did he show that his ability to present a defense was affected by the delay in bringing his case to trial—that is, that it left him unable to adequately prepare for his case or caused helpful witnesses or evidence to become unavailable to him. See *Dillard v. State*, 297 Ga. 756 (778 SE2d 184) (2015) (no abuse of discretion in weighing prejudice factor against the defendant when defendant could not demonstrate what testimony the witness who died before trial would have presented, and there was no evidence that defendant's mental health suffered as a result of the pre-trial incarceration). On this record, the trial court acted within its discretion to decline to weigh the prejudice factor in Williams's favor.

*

In sum, the trial court carefully applied the "sensitive and difficult balancing process" for assessing constitutional speedy-trial claims and concluded that Williams's right to a speedy trial was not violated. *Heard*, 295 Ga. at 563 (2) (a). In doing so the trial court did not abuse its "substantial and broad" discretion.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur*.