# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0335. SHANTRICIA ROBINSON v. THE STATE.

Shantricia Robinson was arrested in April 2020 and subsequently indicted on charges of cruelty to children in the first degree, battery/family violence, and obstruction of an officer.[1] In August 2020 and April 2021, Robinson filed motions for a speedy trial, citing her constitutional right to the same. On May 31, 2022, Robinson filed a motion to dismiss the charges against her based on an alleged violation of her constitutional right to a speedy trial. The trial court denied that motion, and Robinson filed this direct appeal. We, however, lack jurisdiction.

In *Sosniak v. State*, 292 Ga. 35, 40 (2) (734 SE2d 362) (2012), the Supreme Court of Georgia held that a defendant has no right to a direct appeal from the denial of a pretrial constitutional speedy trial motion. Instead, a defendant wishing to appeal the denial of a motion for acquittal based on a constitutional speedy trial violation must comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b).[2] Id. See also *Johnson v. State*, 300 Ga. 252, 257 (3) (794 SE2d 60) (2016). Those procedures include timely seeking a certificate of immediate review in the superior court and thereafter filing an application for an interlocutory appeal. See OCGA § 5-6-34 (b). And where, as here, the interlocutory appeal requirements apply, the

---

[1] In June 2021, Robinson was indicted on these same charges.

[2] "[T]he denial of a motion for acquittal on statutory speedy trial grounds is immediately appealable." *Johnson v. State*, 300 Ga. 252, 257 (3) (794 SE2d 60) (2016). Robinson, however, never filed a statutory speedy trial demand pursuant to OCGA § 17-7-170 (a).

failure to comply with the same deprives this Court of jurisdiction. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016); see also *Settendown Public Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 653 (751 SE2d 463) (2013) (the "interlocutory appeal statute is not a run-of-the-mill procedural provision. It is a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases.") (citation, punctuation and emphasis omitted.) Robinson's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  10/11/2022*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*