NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 13, 2024

S24A0440.  JOHNSON v. THE STATE.

PINSON, Justice.

Henry Lenard Johnson was convicted by a jury of malice murder and other crimes in connection with shooting and killing two people.[1] On appeal, pro se, he contends that the trial court erred by

---

[1] On January 10, 2018, a Chatham County grand jury returned indictment number SPCR 18-0051-J1, which charged Johnson with the malice murder and felony murder of Dennis Coleman, Jr., who died in September 2007. On August 22, 2018, a Chatham County grand jury returned indictment number SPCR18-01748-J1, which charged Johnson with malice murder and other crimes related to the death of Matthew Harrington in October 2017. On February 27, 2019, a Chatham County grand jury returned a superseding indictment that combined the charges in the two 2018 indictments and charged Johnson as follows: malice murder of Coleman (Count 1), felony murder of Coleman (Count 2), malice murder of Harrington (Count 3), felony murder of Harrington (Counts 4, 5), aggravated assault of Harrington (Count 6), possession of a firearm during the commission of the felonies against Harrington (Counts 7, 8, 9), and possession of a firearm by a convicted felon (Count 10).

Between January 2018 and September 2022, Johnson was represented by three different attorneys before he asked to waive his right to counsel and represent himself. On September 20, 2022, after a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (95 SCt 2525, 45 LE2d 562) (1975), Johnson was permitted to represent himself and appointed standby counsel. Johnson, pro

dismissing an untimely statutory demand for a speedy trial filed by his former counsel rather than considering whether his right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution was violated.[2] He says that the statute that sets out the procedure for making a speedy trial demand under state law, OCGA § 17-7-171, "regulates the speedy trial matter differently from" the Sixth Amendment, so that statute is "preempted" by the

---

se, proceeded to a jury trial from October 10 to 14, 2022. The jury returned guilty verdicts on Counts 1-9. Count 10 was not presented to the jury and was nolle prossed.

After the verdict was read but before sentencing, Johnson asked to be appointed counsel to represent him at sentencing and on appeal; this request was granted. On December 2, 2022, the trial court sentenced Johnson to concurrent sentences of life without parole for the malice murders (Counts 1, 3) and a consecutive five-year prison sentence for possession of a firearm during the commission of a felony (Count 7); the remaining counts merged for sentencing or were vacated by operation of law. Johnson, through his appointed counsel, timely filed a motion for new trial on the same day as sentencing and later filed an amended motion for new trial and brief in support. The trial court convened a hearing on the motion for new trial on September 26, 2023, and Johnson said at the start of the hearing that he wanted to fire his appointed counsel and represent himself going forward. After a colloquy with Johnson, the trial court granted that request. Johnson expressly declined to adopt his former counsel's amended motion for new trial, filed his own amended motion in open court, and orally argued in support of that motion Johnson's motion for new trial, as amended, was denied on September 29, 2023, and Johnson timely filed a notice of appeal on October 27, 2023. His appeal was docketed to the April 2024 term of this Court and submitted for a decision on the briefs.

[2] Johnson does not challenge the trial court's conclusion that the statutory demand was untimely.

Sixth Amendment. Put another way, Johnson appears to contend that the demand statute's deadline for filing a speedy trial demand conflicts with the Sixth Amendment's right to a speedy trial, and so the trial court should have considered whether his Sixth Amendment speedy trial right was violated instead of dismissing his statutory demand.

Johnson's claim fails. The demand statute is "in aid and implementation of the *State* constitutional right to a speedy trial." *State v. Varner*, 277 Ga. 433, 434 (589 SE2d 111) (2003) (emphasis added) (cleaned up). That statute "provides no assistance in relation to the federal constitutional right to a speedy trial." *Henry v. State*, 263 Ga. 417, 418 (434 SE2d 469) (1993). So when a trial court dismisses a statutory speedy trial demand as untimely, it does not preclude the defendant from seeking to vindicate his Sixth Amendment speedy trial right. See *Johnson v.* State, 300 Ga. 252, 256-258 (2)-(3) (794 SE2d 60) (2016) (affirming the denial of the defendant's statutory demand for a speedy trial as untimely but remanding for the trial court to enter an order with findings of fact and conclusions of law

3

as to the defendant's demand for a speedy trial under the federal constitution); *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979) (noting that Georgia's former speedy trial demand statutes, Ga. Code Ann. §§ 27-1901 and 27-1901.1, afforded the defendant a "means of asserting one's right to a speedy trial after indictment" but that the defendant had a Sixth Amendment right to a speedy trial that attached at arrest). Absent a demonstrated conflict with the Sixth Amendment, Johnson's argument that his untimely demand under OCGA § 17-7-171 should have been treated as a timely assertion of his right to a speedy trial under the Sixth Amendment fails. See *Castillo-Solis v. State*, 292 Ga. 755, 763 (5) (740 SE2d 583) (2013) (setting out possible bases for federal preemption, including direct conflict, conflict with the "purposes and objectives" of Congress, and "field" preemption) (citation and punctuation omitted). And because Johnson never asserted his right to a speedy trial under the Sixth Amendment, the trial court did not otherwise err in not considering such a speedy trial claim on the merits. Cf. *Johnson*, 300 Ga. at 256-258 (2)-(3) (remanding for the trial court to address

4

the alleged violation of the defendant's Sixth Amendment right to a speedy trial where the defendant filed a speedy trial demand invoking both OCGA § 17-7-171 and the Sixth Amendment, which the trial had court dismissed as untimely on statutory grounds alone).

*Judgment affirmed. All the Justices concur.*